the plaintiff upon his promise to pay the sum so loaned to the plaintiff in satisfaction of Holly's debt; and Lawrence, having accepted Fox as his debtor in the place of Holly, was held entitled to recover from Fox. The court of appeals has, however, repeatedly held that the ruling in *Lawrence* v. *Fox* should not be extended, and should be limited in its application to cases presenting the same essential facts. *Lorillard* v. *Clyde*, 122 N. Y. 502, 25 N. E. Rep. 917; *Wheat* v. *Rice*, 97 N. Y. 302. In *Vrooman* v. *Turner*, 69 N. Y. 280, 284, ALLEN, J., delivering the opinion of the court, commenting on *Lawrence* v. *Fox*, says: "To give a third party, who may derive a benefit from the performance of the promise, an action, there must be—*First*, an intent by the promisee to secure some benefit to the third party; and, *second*, some privity between the two, the promisee and the party to be benefited, and some obligation or duty owing from the former to the latter, which would give him a legal or equitable claim to the benefit of the promise, or an equivalent from him personally. * * * It is true there need be no privity between the promisor and the party claiming the benefit of the undertaking. Neither is it necessary that the latter should be privy to the consideration of the promise; but it does not follow that a mere volunteer can avail himself of it. A legal obligation or duty of the promisee to him will so connect him with the transaction as to be a substitute for any privity with the promisor, or the consideration of the promise; the obligation of the promisee furnishing an evidence of the intent of the latter to benefit him, and creating a privity by substitution with the promisor. A mere stranger cannot intervene and claim by action the benefit of a contract between other parties. There must be either a new consideration, or some prior right or claim against one of the contracting parties, by which he has a legal interest in the performance of the agreement." As the right of a third person to avail himself of the benefit of a contract to which he was a stranger has been thus defined, we fail to see in the case at bar the elements essential to enable the plaintiff to insist upon the performance of an agreement between its employes to accept a lesser salary than that which it had contracted to pay in its contract of employment with them. So far as appears from the record before us, none of plaintiff's employes were under any obligation to continue their services for it, and each of them had a right at any time to withdraw his services. The agreement was intended to affect only services to be performed in the future, and the plaintiff had neither a moral nor legal right to insist upon the performance of such future services; and it does not appear that the plaintiff continued their employment relying upon the agreement among its officers, or parted with or did anything by means of which the several officers would be estopped from claiming the salary which it had agreed to pay. Judgment appealed from affirmed, with costs.

---

## *In re* BYRNES' ESTATE.

### (*Surrogate's Court, New York County.* March, 1891.)

TESTAMENTARY TRUSTS—HOW ENFORCED.

Where the executors of a will are created testamentary trustees to apply the rents and profits of land to specified legatees during the latter's life-time, an application by the legatees to compel a payment on account of such rents and profits must be brought under Code Civil Proc. N. Y. §§ 2804, 2805, which provide a method by which testamentary trustees may be compelled to make payment, and not under section 2717 *et seq.*, which prescribes the proceedings against executors for the enforcement of claims of creditors and legatees.

Application by Matthew Byrnes, one of the legatees under the will of Matthew Byrnes, deceased, for a payment on account of income. Code Civil Proc. N. Y. § 2717 *et seq.*, prescribes the method by which the payment of claims of creditors and legatees may be enforced against the executors; and

sections 2804, 2805, prescribe the method by which testamentary trustees may be compelled to pay the claims of beneficiaries.

*Hess, Townsend & McClelland*, for petitioner.

RANSOM, S. This is an application by one of the beneficiaries under the will of the decedent for a payment on account of income. Letters were issued April 1, 1890. The petitioner is entitled, under the fifth clause of the will, to one-sixth of the income of the residue, payable in January and July of each year. He alleges that the executors have $12,000 of accrued income, and refuse to pay. The respondents filed no answer, but it was claimed by them on the argument that, inasmuch as a year had not elapsed, the petitioner must bring himself within section 2719 of the Code, which provides for the only case where a legacy or other pecuniary interest under a will can be paid by executors before the expiration of a year, viz., for support and maintenance; and that, the petition being silent in this regard, the motion should be dismissed. Counsel for the petitioner undoubtedly thought that the appropriate proceeding to procure the relief sought was under section 2717 *et seq.*, and, in the brief filed, the application is stated to be made under that section. The citation runs against the respondents only as executors. It seems to me plain that the fifth clause of the will constituted the respondents testamentary trustees of the portion of the residue disposed of thereby, and it is under this clause that the petitioner is entitled to the income to secure the payment of which this application is brought. This being so, his application must be brought under sections 2804 and 2805 of the Code, and the respondents should have been cited in their capacity as testamentary trustees. To constitute a testamentary trustee, it is necessary that some express trust be created by the will. Merely calling an executor a trustee does not make him such. *In re Hawley*, 104 N. Y. 250, 10 N. E. Rep. 352. By the clause of the will in question the testator devised to his executors the residue of his property in trust during the life-time of two of his great-grandchildren, for whose benefit a provision was made during their lives. The trustees were authorized to mortgage or lease the real estate, to receive the rents, issues, and profits, and to pay the same to the beneficiaries in the proportions provided. It seems to me clear that this constituted an express trust, under the Revised Statutes,[1] the essential requisite to the creation of a testamentary trustee. The respondents not having been cited in this capacity, the application must be dismissed.

---

PRIESSENGER *v.* SHARP *et al.*

(*Superior Court of New York City, General Term.* May 4, 1891.)

1. VENDOR AND VENDEE—MARKETABLE TITLE—RECOVERY OF DEPOSIT.

In an action to recover back a cash payment made on a purchase of real estate on the ground of failure of the defendants' title, it appeared that a prior owner of the property, under whom defendants claimed, had purchased the same at a foreclosure sale in a suit wherein the purchaser was himself trustee in the mortgage and plaintiff in the suit. *Held*, that the title thus obtained was voidable at the instance of the beneficiaries of the trust; that the defendants were chargeable with notice thereof, and, failing to show that there was in fact no breach of trust by said trustee, the title offered to the plaintiff was not marketable, and that he was entitled to recover his deposit and expenses.

2. TESTAMENTARY POWERS—SALES BY TRUSTEE.

A conveyance executed by a trustee and beneficiary in derogation of a trust created by a will which contains no power, express or implied, to sell and convey title, is absolutely void under Laws N. Y. 1886, c. 257, amending part 2, art. 2, tit. 2, c. 1, § 65, Rev. St., declaring that where a trust is expressed in an instrument creating an estate every sale in contravention thereof shall be absolutely void.

---

[1] 4 Rev. St. N. Y. (8th Ed.) p. 2437 § 55.