and therefore direct a dismissal of the complaint upon the merits, with costs.

I have indicated upon the proposed findings submitted me disposal of the requests to find. Form of decision and judgment may be presented on notice of settlement.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, SCOTT, MILLER, DOWLING, and HOTCHKISS, JJ.

W. P. Maloney, of New York City, for appellant.

A. I. Elkus, of New York City, for respondents.

PER CURIAM. Judgment affirmed, with costs, on opinion of Bischoff, J. Order filed.

---

(157 App. Div. 344.)

In re McQUADE.

(Supreme Court, Appellate Division, First Department. June 6, 1913.)

1. TRUSTS (§ 274*)—TESTAMENTARY TRUSTS—MANAGEMENT OF ESTATES.

Income received by a substituted testamentary trustee cannot be applied to make good a deficiency in the principal or income account, or both, arising from the handling of the funds by the original trustee, or to the payment of accrued taxes, interest, or other charges; but the deficit and charges must be met from the shares of the residuary legatees, or from other securities turned over by the trustee.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 289–292, 493; Dec. Dig. § 274.*]

2. TRUSTS (§ 280*)—TESTAMENTARY TRUSTS—MANAGEMENT OF ESTATES.

Income received by a substituted testamentary trustee, since the settlement of the account of the original trustee, must be distributed pursuant to the will.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 400; Dec. Dig. § 280.*]

3. TRUSTS (§ 336*)—TESTAMENTARY TRUSTS—PAYMENT OF INCOME—PROCEEDINGS.

A proceeding by a beneficiary to compel a testamentary trustee to pay income accruing to the beneficiary must be brought pursuant to Code Civ. Proc. § 2804, by petition and issuance of citation thereon, and not by service of notice of motion.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 497; Dec. Dig. § 336.*]

Appeal from Surrogate's Court, New York County.

In the matter of the judicial settlement of the accounts of Edward A. McQuade, as executor and trustee of John McQuade, deceased. From an order of the surrogate, denying the motion of Mary A. McQuade, a beneficiary, to compel the Central Trust Company to pay her $1,000 on income, she appeals. Affirmed, without prejudice.

See, also, 142 N. Y. S. 1129.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Edo E. Mercelis, of New York City, for appellant.

Albert Stickney, of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DOWLING, J.   The affirmance of the order of the Surrogate's Court involved in the other appeal in this proceeding (142 N. Y. Supp. 1129), has confirmed the disposition made by the learned surrogate of the question as to the distribution of the shortage in this estate, as between the principal and income accounts thereof.   This appeal presents a supplementary question to that, but of a different nature.

[1, 2] We are of the opinion that the income received by the substituted trustee cannot be applied to make good the deficiency, either in the principal or income account, or both, of the estate, arising from the handling of its funds by the original trustee, or to the payment of accrued taxes, interest, or other charges.   Such deficit and charges must be met from the shares of the residuary legatees, or from any other securities belonging to principal turned over by the trustee, applicable to its reduction.   But as to all payments which have come into the hands of the substituted trustee, since the settlement of the accounts of the original trustee, a new situation has been created, and the nature of the fund has to be determined from its source, and it is to be applied according to the terms of the will.   Where, therefore, income has been received as such by the substituted trustee, the net income must be distributed pursuant to the terms of the will.

[3] This would lead to a reversal of the order appealed from, were it not that we believe the question cannot properly be raised by the procedure followed by the appellant herein.   That procedure consisted simply of serving a notice of motion, based on the report of a referee, for a decree requiring the substituted trustee to pay the sum of $1,000 on account of accrued income to the petitioner, Mary A. McQuade. Such a proceeding, being one brought by a person entitled by the terms of the will to the payment of money thereunder by the testamentary trustee, should be brought pursuant to the provisions of section 2804, Code of Civil Procedure, which prescribes the procedure to be followed, including the presentation of a petition and the issuance of a citation thereon.   It is apparent that such a proceeding furnishes the proper means for a statement of the condition of the account, and for the presentation by the trustee of any reasons which may exist why the payment should not be made.   So it was held in Matter of Hunt, 110 App. Div. 533, 97 N. Y. Supp. 403, that the surrogate has no power, in a proceeding by the testamentary trustee for a final accounting, to order a transfer of specific bonds to a legatee, who contests the account, with a provision that the trustee be credited therewith at a value thereafter to be determined by the court; but the procedure to be followed is regulated by sections 2804 to 2806 inclusive, Code Civ. Proc.   The applicability of section 2804 as the sole method for obtaining the relief here desired was upheld in Matter of Scherrer, 24 Misc. Rep. 351, 53 N. Y. Supp. 714; Matter of Martin, 27 Misc. Rep. 416, 59 N. Y. Supp. 374; Matter of Foster, 30 Misc. Rep. 573, 63 N. Y. Supp. 1102; Matter of Byrnes, 26 Abb. N. C. 380, 14 N. Y. Supp. 371.

The order appealed from, denying the motion to compel the substituted trustee to make a payment to the petitioner, will therefore be affirmed, with costs, but without prejudice to the making of a new application by her, pursuant to section 2804 of the Code of Civil Procedure.   All concur.