In the Matter of the Estate of JACOB A. VOICE, Deceased.

Surrogate's Court, Nassau County, May 17, 1962.

*Stern & Reubens* (*Richard Coven* of counsel), for executors of Edith L. Voice, deceased. *McCarthy & McGrath* (*Herman McCarthy* of counsel), for Sidney P. Voice, surviving trustee.

*Mound Isaacs & Greenburg* (*Milton Mound* of counsel), for committee of Cecile V. Tolstoi. *Brennan & Korshin* (*Jack Korshin* of counsel), for Martha V. Bartos.

JOHN D. BENNETT, S. Three motions have been made in this estate.

The first motion, by order to show cause, seeks to reopen the trustees' previous account and vacate the decree made thereon dated April 3, 1952.

The allegation made by the petitioners, committee of the incompetent remainderman of the trust, reveals that on January 24, 1952, when the now adjudicated incompetent was served in the proceeding sought to be opened, she was a patient at a private institution for the mentally ill. The further allegation is made that the trustees well knew that the incompetent was unable to manage her affairs but, nevertheless, stated in the petition that all of the said persons required to be cited were of sound mind.

From the papers presently before the court, it does not appear arguable that the trustees, one of whom is the brother of the incompetent and another her mother, were unaware of the incompetent's mental illness dating as far back as 1929, continuing on thereafter as a chronic and severe condition necessitating frequent admissions to hospitals for her mental illness, and culminating in her entrance on July 26, 1951, to the private institution, where she has ever since remained.

In 1955, her brother and trustee herein stated by verified petition in the Supreme Court in support of an application to declare his sister incompetent, that she had been incompetent to manage her own affairs for many years. The concealment of the incompetent's true condition, whether motivated by family ties or the most altruistic of intentions, resulted in a deception upon the court which, if the true facts had been revealed, would have been required to appoint a special guardian for the protection of the incompetent (Surrogate's Ct. Act, § 64). Not only, therefore, do we have elements of fraud, regardless of motivation, perpetrated upon the court, but also a defect in the proceeding by reason of the failure to appoint a special guardian (1 Jessup-Redfield, Surrogates Law and Practice, § 296; *Matter of Jaffe,* 165 Misc. 407; *Matter of Weed,* 107 Misc. 595, 598; *Matter of Irland,* 72 N. Y. S. 2d 248).

Subdivision 6 of section 20 of the Surrogate's Court Act grants ample authority to this court to open, vacate or set aside its decrees for fraud " or other sufficient cause ". Accordingly, the application is granted, the decree of April 3, 1952, will be

vacated, and the accounting proceeding opened only insofar as it affects the interests and rights of the incompetent, and that proceeding will be consolidated with the present accounting insofar as the interests of the incompetent are concerned.

The second motion by the surviving trustee seeks to vacate a subpœna duces tecum served in connection with an examination of the trustee pursuant to section 263 of the Surrogate's Court Act, on the ground that it improperly calls for the production of certain records of the Consolidated Lithographing Corporation. The subpœna requests the production of corporate records not only for the present accounting proceeding embracing the period from February 18, 1950 to November 25, 1961, but also corporate records for all the intervening years commencing with the year ending December 31, 1941, which is one year previous to the date of death of the testator. The trustees' account for the period previous to the present account runs from November 19, 1945 to February 18, 1950, and is their first account as trustees. It is this account which has been reopened by the decision on the first motion with regard solely to the interests of the incompetent.

The trustees received the shares of stock of Consolidated from the executors on July 2, 1945. The executors' account was settled by decree dated November 19, 1945.

The affidavit in opposition to this motion alleges that the trustees, Edith L. Voice, now deceased, and Sidney P. Voice, by reason of their individual ownership of shares of Consolidated, together with their title to other shares as fiduciaries, control the affairs of this corporation. This fact has not been controverted by the surviving trustee.

Since the trustees control the corporation by reason of the stock held by the trust added to the stock held by them personally, they can be compelled to disclose the details of the corporation's activities (*Matter of Auditore*, 249 N. Y. 335; *Matter of Sylvester*, 5 A D 2d 970; *Matter of Witkind*, 167 Misc. 885). Since an examination of the corporate activities is proper, the production of relevant and material books and records of the corporation upon such examination is also proper (*Matter of Rugoff*, 8 Misc 2d 1052 and cases there cited). Although this is not a motion directed against the examination as such, a motion to vacate or quash a subpœna duces tecum is an appropriate method to test the propriety of its issuance, and the relevancy and materiality of the documents sought (*Matter of State Comm.* v. *Manhattan Water Works*, 10 A D 2d 306; *Matter of Sun-Ray Cloak Co.*, 256 App. Div. 620, 623). Since the trustees only came into possession of the corporate stock about the time of the commencement date of their first account, the production of

corporate records antedating that period would appear improper. Further, since the first account has been reopened only as to the incompetent's interests, the corporate records sought are producible only on her behalf. The corporate records sought for the period commencing with the present account are of course required to be produced.

The motion is accordingly granted by vacating so much of the subpœna which requests corporate records antedating the commencement date of the first account of the trustees as to the incompetent and vacating so much of the subpœna as requests corporate records antedating the commencement date of the present account as to the individual, Martha V. Bartos, and is otherwise denied.

The third motion, also by order to show cause, is made by three of the remaindermen of the trust which has now terminated, and seeks to compel the delivery to each of them of 11,500 shares of the capital stock of Consolidated. The trustees' objection that an application for this relief by way of a motion is insufficient must be sustained in view of the well-settled law that the procedure outlined in sections 219 and 220 of the Surrogate's Court Act, requiring a petition and citation, is the sole method for obtaining such relief (*Matter of Kent,* 173 App. Div. 563; *Matter of McQuade,* 157 App. Div. 344).

Motion to compel delivery of the stock is accordingly denied without prejudice to a renewal of the application pursuant to sections 219 and 220 of the Surrogte's Court Act.