■ WILLIAM HAWLEY, Appellant, v HASGO POWER EQUIPMENT SALES, INC., Respondent. [703 NYS2d 419] —Order unanimously affirmed without costs. Memorandum: We reject the contention of plaintiff that Supreme Court abused its discretion in denying that portion of his motion seeking to compel discovery and granting that part of defendant's cross motion seeking a protective order. The trial court is vested with broad discretion in supervising pretrial discovery (*see, Farrakhan v N.Y.P. Holdings*, 226 AD2d 133, 135). Although CPLR 3101 (a) is to be interpreted liberally in favor of disclosure (*see, Andon v 302-304 Mott St. Assocs.*, 257 AD2d 37, 40), a party may not be compelled to produce information that does not exist or that he or she does not control or possess, nor may a party be compelled to create new documents (*see, Durham Med. Search v Physicians Intl. Search*, 122 AD2d 529, 529-530). Here, the court was well within its discretion in fashioning an order that balanced the interests of the parties and curtailed the unduly burdensome demands of plaintiff. We have examined plaintiff's remaining contentions and conclude that they lack merit. (Appeal from Order of Supreme Court, Onondaga County, McCarthy, J.—Discovery.) Present—Green, A. P. J., Hayes, Pigott, Jr., and Scudder, JJ.

■ In the Matter of CELESTA DIMITROFF, as Trustee under the Last Will and Testament of MARJORIE B. VAN HYNING, Deceased, Appellant. KIMBERLY P. DRUMM, Respondent. [703 NYS2d 423] —Order unanimously affirmed with costs. Memorandum: Surrogate's Court properly denied the trustee's motion for summary judgment dismissing the objections to the account. The trustee failed to establish as a matter of law that she satisfied the prudent person standard in her management of the trust (*see generally, Matter of Janes*, 90 NY2d 41, 49-51, *rearg denied* 90 NY2d 885). (Appeal from Order of Livingston County Surrogate's Court, Cicoria, S.—EPTL.) Present—Green, A. P. J., Hayes, Pigott, Jr., and Scudder, JJ.