■ RYAN JAMES ORZECH, an Infant, by His Mother and Natural Guardian, MICHELLE L. ORZECH, et al., Respondents, v BRIAN SMITH, M.D., et al., Appellants, et al., Defendants. [785 NYS2d 643]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered April 14, 2004. The order, insofar as appealed from, granted in part plaintiffs' motion to compel discovery and denied in part the cross motion of defendants Brian Smith, M.D. and OB/GYN Associates of W.N.Y. for a protective order in a medical malpractice action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying those parts of the motion with respect to items 2, 3, 5 and 10 in

the notice for discovery and inspection attached as exhibit A to the motion, granting those parts of the cross motion with respect to those items, and vacating the second ordering paragraph and those parts of the first ordering paragraph that require defendants Brian Smith, M.D. and OB/GYN Associates of W.N.Y. to respond to items 2 and 3 and as modified the order is affirmed without costs.

Memorandum: In this medical malpractice action, Brian Smith, M.D. and OB/GYN Associates of W.N.Y. (OB/GYN Associates) (collectively, defendants) appeal from an order of Supreme Court that, inter alia, granted that part of plaintiffs' motion seeking to compel disclosure of the number of babies delivered by defendants who have suffered from shoulder dystocia, the number of prior claims against defendants on behalf of infant plaintiffs who suffered from shoulder dystocia or brachial plexus injury, a list of the materials viewed by defendants on how to manage shoulder dystocia, and a list of the textbooks in defendants' possession on the subjects of pregnancy, labor, delivery, shoulder dystocia and brachial plexus injury. We agree with defendants that those items are not properly the subject of a notice for discovery and inspection. "Through disclosure a party may be required to produce only those items which are in the possession, custody or control of the party served[.] . . . Such items must be preexisting and tangible to be subject to discovery and production" (*Durham Med. Search v Physician Intl. Search*, 122 AD2d 529, 529 [1986] [internal quotation marks omitted]). A party may not be compelled to produce information that does not exist or create new documents (*see Hawley v Hasgo Power Equip. Sales*, 269 AD2d 804 [2000]). We also agree with defendants that inspection of their library goes beyond the purpose of a notice for discovery and inspection. We agree, however, with the court insofar as it permitted discovery of the existing curricula vitae of all the physicians in OB/GYN Associates, because that request seeks existing documents of a relevant nature. We therefore modify the order by denying those parts of plaintiffs' motion with respect to items 2, 3, 5 and 10 in plaintiffs' notice for discovery and inspection attached as exhibit A to plaintiffs' motion, granting those parts of defendants' cross motion for a protective order with respect to those items, and vacating the second ordering paragraph and those parts of the first ordering paragraph that require defendants to respond to items 2 and 3, and we otherwise affirm. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Martoche, JJ.