■ In the Matter of JANE D. RITTER REVOCABLE LIVING TRUST. SABINO BIONDI, Respondent; MARY KATHRYN RADER, Appellant. [46 NYS3d 219]—

In a proceeding to judicially settle an account, the trust beneficiary Mary Kathryn Rader appeals from a decree of the Surrogate's Court, Nassau County (McCarty III, S.), dated September 17, 2015, which, upon an order of the same court

dated March 31, 2015, granting the trustee's motion for a protective order pursuant to CPLR 3103 vacating a notice of deposition, judicially settled the intermediate account of the trustee.

Ordered that the decree is reversed, on the law, with costs, the trustee's motion for a protective order pursuant to CPLR 3103 vacating the notice of deposition is granted to the extent of vacating so much of the notice of deposition as sought to examine the trustee as to "the manner in which he and Donald J. Farinacci became or were nominated as successor trustees and Donald J. Farinacci renounced such appointment," and is otherwise denied, the order dated March 31, 2015, is modified accordingly, and the matter is remitted to the Surrogate's Court, Nassau County, for further proceedings in accordance herewith.

SCPA 2211 (2) provides, in pertinent part, that "[t]he fiduciary may be examined under oath by any party to the proceeding either before or after filing objections, if any, to the account, as to any matter relating to his or her administration of the estate." The Surrogate's Court providently exercised its discretion in granting the trustee's motion for a protective order pursuant to CPLR 3103 vacating a notice of deposition served upon him by the trust's beneficiaries, Mary Kathryn Rader and John Rader, to the extent of vacating so much of the notice of deposition as sought to examine him as to "the manner in which he and Donald J. Farinacci became or were nominated as successor trustees and Donald J. Farinacci renounced such appointment," as those issues exceeded the scope of SCPA 2211 (2) (see SCPA 2211 [2]; Matter of 425 Park Ave. Co. v Finance Adm'r of City of N.Y., 69 NY2d 645, 648 [1986]; Matter of Rich, 117 AD3d 1103, 1105 [2014]). However, under SCPA 2211 (2), the trust beneficiaries were entitled to examine the trustee under oath "as to any matter relating to his or her administration of the estate." Accordingly, the court erred in vacating the entirety of the notice of deposition (see SCPA 2211 [2]). We therefore remit the matter to the Surrogate's Court, Nassau County, for further proceedings on the petition to judicially settle the trustee's account, including examination of the trustee by the trust beneficiaries as to any matter relating to his administration of the trust estate. Rivera, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.