■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v RLC MEDICAL, P.C., et al., Appellants. [55 NYS3d 313]—

Appeal from an order of the Supreme Court, Kings County (Jules L. Spodek, J.), dated June 2, 2015. The order, insofar as appealed from, directed that the administrator of the defendant Estate of Ronald L.L. Collins appear for a deposition.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal from so much of the order as directed that the administrator of the defendant Estate of Ronald L.L. Collins appear for a deposition, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs.

The plaintiff insurance company commenced this action against, among others, the defendant Estate of Ronald L.L. Collins, seeking a judgment declaring, inter alia, that the plaintiff has no obligation to pay no-fault claims for medical services purportedly rendered by Collins. In an order dated

June 2, 2015, the Supreme Court, inter alia, directed that the administrator of Collins's estate (hereinafter the administrator) appear for a deposition. The defendants appeal from that portion of the order.

CPLR 3101 (a) (1) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." The terms "material and necessary" in this statute "must 'be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity' " (*Matter of Kapon v Koch*, 23 NY3d 32, 38 [2014], quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]; *see D'Alessandro v Nassau Health Care Corp.*, 137 AD3d 1195, 1196 [2016]). "At the same time, a party is 'not entitled to unlimited, uncontrolled, unfettered disclosure' " (*D'Alessandro v Nassau Health Care Corp.*, 137 AD3d at 1196, quoting *Geffner v Mercy Med. Ctr.*, 83 AD3d 998, 998 [2011]). " 'It is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims' " (*D'Alessandro v Nassau Health Care Corp.*, 137 AD3d at 1196, quoting *Crazytown Furniture v Brooklyn Union Gas Co.*, 150 AD2d 420, 421 [1989]). Here, the plaintiff made no showing that conducting the deposition of the administrator will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims (*see Black v Budget Rent A Car Corp.*, 224 AD2d 350 [1996]; *Crazytown Furniture v Brooklyn Union Gas Co.*, 150 AD2d at 421).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court improperly directed that the administrator appear for a deposition. Rivera, J.P., Hall, LaSalle and Connolly, JJ., concur.