Seddon v Postigo (2021 NY Slip Op 03976)





Seddon v Postigo


2021 NY Slip Op 03976


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, WINSLOW, AND BANNISTER, JJ.


1071 CA 19-02088

[*1]MICHAEL SEDDON AND JOSEPHINE SEDDON, PLAINTIFFS-RESPONDENTS-APPELLANTS,
v
AMY POSTIGO, DEFENDANT-APPELLANT. (ACTION NO. 1.)
MICHAEL SEDDON AND JOSEPHINE SEDDON, PLAINTIFFS-RESPONDENTS-APPELLANTS,
v
WOODSTONE EARTH CONSTRUCTION, INC., DEFENDANT-RESPONDENT, IW CONSTRUCTION INC., DEFENDANT-APPELLANT-RESPONDENT, ET AL., DEFENDANT. (ACTION NO. 2.) 






LAW OFFICE OF JOHN WALLACE, HARTFORD (VALERIE L. BARBIC OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT. 
BURGIO, CURVIN & BANKER, BUFFALO (STEVEN P. CURVIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
OSBORN REED & BURKE LLP, ROCHESTER (L. DAMIEN COSTANZA OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS.
LIPPMAN O'CONNOR, BUFFALO (MATTHEW J. DUGGAN OF COUNSEL), FOR DEFENDANT-RESPONDENT.


 Appeals and cross appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered October 22, 2019. The order, inter alia, granted the motion of plaintiffs to compel discovery, granted the motion of defendant Woodstone Earth Construction, Inc. to dismiss the complaint against it and denied in part the motion of defendant IW Construction, Inc., to dismiss the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of plaintiffs' motion in action No. 1 seeking to compel production of computers, hard drives, electronic devices and data storage systems and denying without prejudice that part of plaintiffs' motion in action No. 1 seeking to compel the continuation of the deposition of defendant Amy Postigo, and denying in part the motion of defendant Woodstone Earth Construction, Inc. in action No. 2 and reinstating the second cause of action against it, and as modified the order is affirmed without costs.
Memorandum: These actions arise out of damages allegedly sustained to plaintiffs' property, which sits along the shore of Lake Ontario, as a result of construction projects performed on neighboring property owned by Amy Postigo, who is the defendant in action No. 1. Woodstone Earth Construction, Inc. (Woodstone) and IW Construction Inc. (IWC), who are defendants in action No. 2, are contractors who Postigo hired to perform work in an effort to [*2]combat erosion on Postigo's property. Woodstone was hired to engineer and construct a gabion basket structure on the shoreline of Postigo's property. Postigo later hired IWC to install a sheet-piling bulkhead, or wall, along the shoreline of Postigo's property after it had been determined that the gabion basket structure was failing. A few years later, over 1,000 tons of dirt and rock, amounting to over 50 feet of shoreline, broke off from plaintiffs' property and fell into Lake Ontario.
Plaintiffs commenced action No. 1 against Postigo, and plaintiffs subsequently commenced action No. 2 against, inter alia, Woodstone and IWC. In action No. 1, plaintiffs moved pursuant to CPLR 3124 to compel Postigo to comply with discovery demands, including the production of certain electronic devices. In action No. 2, Woodstone and IWC moved separately to dismiss the complaint against them pursuant to CPLR 3211 (a) (5) on the ground that the statute of limitations had expired. Now, Postigo and IWC appeal, and plaintiffs cross-appeal, from an order that granted plaintiffs' and Woodstone's motions, and granted IWC's motion with respect to the first cause of action but denied IWC's motion with respect to the second cause of action.
In action No. 1, we agree with Postigo that Supreme Court erred in granting that part of plaintiffs' motion seeking to compel Postigo to provide access to computers, hard drives, electronic devices, and other data storage systems for the purpose of retrieving emails and messages relating to the action, and we therefore modify the order accordingly. Those items are the property of a nonparty, specifically a company owned by Postigo's husband, and therefore Postigo cannot be compelled to produce them (see generally Orzech v Smith, 12 AD3d 1150, 1151 [4th Dept 2004]; Hawley v Hasgo Power Equip. Sales, 269 AD2d 804, 804 [4th Dept 2000]). We note that a party may seek to compel the disclosure of materials necessary in the prosecution or defense of an action that belong to a nonparty, however, through the issuance of a subpoena (see Velez v Hunts Point Multi-Serv. Ctr., Inc., 29 AD3d 104, 109 [1st Dept 2006]; see generally CPLR 3101 [a] [4]).
Because plaintiffs' request for a second or continued deposition of Postigo was for the purpose of reviewing documents from the computers, hard drives, electronic devices and other data storage systems, that request should have been denied without prejudice subject to the resolution of the issue of disclosure from the nonparty. We therefore further modify the order accordingly.
We have reviewed Postigo's remaining contention with respect to plaintiffs' motion to compel and conclude that it is without merit.
In action No. 2, we agree with plaintiffs that the court erred in granting that part of Woodstone's motion seeking to dismiss the second cause of action against it as untimely, and we therefore further modify the order accordingly. We likewise conclude that, contrary to IWC's contention, the court properly denied that part of IWC's motion seeking to dismiss the second cause of action against it as untimely. " 'In classifying a cause of action for statute of limitations purposes, the controlling consideration is not the form in which the cause of action is stated, but its substance' " (Dreamco Dev. Corp. v Empire State Dev. Corp., 191 AD3d 1444, 1446 [4th Dept 2021]). Here, affording a liberal construction to plaintiffs' complaint (see CPLR 3026; Bouley v Bouley, 19 AD3d 1049, 1050 [4th Dept 2005]) as supplemented by the affidavits of plaintiffs and their expert submitted in opposition to the motions (see Payano v Patel, 130 AD3d 896, 897 [2d Dept 2015]; Bouley, 19 AD3d at 1050), we conclude that plaintiffs' second causes of action against Woodstone and IWC sufficiently allege violations of ECL 15-0701, which statute plaintiffs expressly referenced in those causes of action. With respect to Woodstone, plaintiffs alleged that the collapse of the shoreline and 1,000 tons of debris into the lake, which was effected by changes to the bank due to the installation and failure of the gabion baskets, constituted an alteration in the quality or condition of the lake that caused plaintiffs harm by interfering with their use of the water and their enjoyment of the riparian land and by decreasing the market value of their interest in the riparian land (see ECL 15-0701 [1]-[3]). With respect to IWC, plaintiffs alleged that the installation of the sheet-piling bulkhead on the banks altered the flow of the lake water by redirecting waves from Postigo's property to plaintiffs' property, and that such alteration caused plaintiffs harm by eroding their property, thereby interfering with their enjoyment of the riparian land and decreasing the market value of their interest in the riparian land (see id.). Thus, even assuming, arguendo, that the three-year statute of limitations applies [*3](see CPLR 214 [4]; see generally Hoffman v Appleman, 120 AD2d 493, 493 [2d Dept 1986]) and that plaintiffs' causes of action would be untimely in the absence of any tolling, we conclude that the tolling provision of ECL 15-0701 (8) applies and that the causes of action are timely.
With respect to plaintiffs' first causes of action against Woodstone and IWC alleging trespass in action No. 2, we agree with the court that these causes of action do not get the benefit of the tolling provisions under ECL 15-0701. Plaintiffs have also abandoned any contention on their cross appeal that a theory of continuing trespass extended the statute of limitations (see generally Becker-Manning, Inc. v Common Council of City of Utica, 114 AD3d 1143,
1143-1144 [4th Dept 2014]).
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court