Brennan v Demydyuk (2021 NY Slip Op 04425)





Brennan v Demydyuk


2021 NY Slip Op 04425


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


104 CA 20-00494

[*1]SHAUN BRENNAN, PLAINTIFF-RESPONDENT,
v
VLADYSLAV DEMYDYUK, LIA DEMYDYUK AND LIA DEMYDYUK, DOING BUSINESS AS DDT TRANSPORT, DEFENDANTS-APPELLANTS. 






LAW OFFICE OF JOHN TROP, ROCHESTER, BARTH SULLIVAN BEHR, LLP, BUFFALO (PHILIP C. BARTH, III, OF COUNSEL), FOR DEFENDANTS-APPELLANTS VLADYSLAV DEMYDYUK AND LIA DEMYDYUK.
HURWITZ & FINE P.C., BUFFALO (TIMOTHY P. WELCH OF COUNSEL), FOR DEFENDANT-APPELLANT LIA DEMYDYUK, DOING BUSINESS AS DDT TRANSPORT. 
FARACI LANGE, LLP, ROCHESTER (LESLEY E. NIEBEL OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeals from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered February 13, 2020. The order, insofar as appealed from, granted in part the motion of plaintiff to compel discovery. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and those parts of the motion with respect to defendants' cell phone records and records for food and beverage purchases are denied.
Memorandum: Plaintiff commenced this negligence action seeking to recover damages for injuries he allegedly sustained when defendant Vladyslav Demydyuk, while operating a pickup truck that was registered to defendant Lia Demydyuk (collectively, Demydyuks) and doing so in the scope of his employment with the permission of defendant Lia Demydyuk, doing business as DDT Transport (DDT), collided with a vehicle being operated by plaintiff. The Demydyuks and DDT each appeal from an order insofar as it granted plaintiff's motion to compel discovery in part by ordering that defendants produce all cell phone records during a specified period and an authorization to obtain such records, and by further ordering that defendants produce any and all receipts, billing records, credit card receipts and business records for food and beverages purchased on the date of the collision and an authorization to obtain such records. Defendants contend that Supreme Court erred in granting those parts of plaintiff's motion with respect to the cell phone records and records for food and beverage purchases because plaintiff failed to show that the requested records were material and necessary to his prosecution of the action. We agree, and we therefore reverse the order insofar as appealed from.
"Disclosure in civil actions is generally governed by CPLR 3101 (a), which directs: '[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof' " (Forman v Henkin, 30 NY3d 656, 661 [2018]). The words " 'material and necessary' " are "to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; see Forman, 30 NY3d at 661). "A party seeking discovery must satisfy the threshold requirement that the request is reasonably calculated to yield information that is 'material and necessary'—i.e., relevant—regardless of whether discovery is sought from another party . . . or a nonparty" (Forman, 30 NY3d at 661).
In this case, plaintiff repeatedly asserted in his discovery requests and motion papers that the requested records were relevant to proving that Vladyslav was the operator of the pickup truck involved in the collision. However, " '[t]he issues framed by the pleadings determine the scope of discovery in a particular action' " (Kern v City of Rochester, 261 AD2d 904, 905 [4th Dept 1999]) and, here, there was no dispute regarding the identity of the operator of the pickup truck inasmuch as the Demydyuks had already admitted in their answer that Vladyslav was driving the pickup truck at the time of the accident (cf. Mendives v Curcio, 174 AD3d 796, 797 [2d Dept 2019]). Given the prior admission establishing that Vladyslav was the operator of the pickup truck, plaintiff "failed to meet the threshold for disclosure by showing that [his] request for [defendants'] cell phone [records and records for food and beverage purchases] was reasonably calculated to yield information material and necessary to [his action]" (Evans v Roman, 172 AD3d 501, 502 [1st Dept 2019]; see Long Is. Coll. Hosp. v Whalen, 55 AD2d 792, 792-793 [3d Dept 1976]; see also Brooklyn Bur. of Social Serv. & Children's Aid Socy. v Transamerica Ins. Co., 28 AD2d 841, 841 [1st Dept 1967]). We agree with defendants that the additional reason asserted by plaintiff in support of his motion was insufficient to meet his threshold burden (see generally Forman, 30 NY3d at 661).
Plaintiff nonetheless contends, as an alternative ground for affirmance, that there is a different reason supporting disclosure that was not included in his discovery requests or motion papers in the record on appeal, i.e., the requested records are potentially relevant to identifying witnesses who could testify about Vladyslav's physical condition on the night of the accident and to determining whether Vladyslav was intoxicated or impaired. On the record before us, which does not include any memoranda of law despite our repeated and longstanding advisements that such memoranda may properly be included in the record on appeal for the limited purpose of determining preservation (see Town of W. Seneca v Kideney Architects, P.C., 187 AD3d 1509, 1510 [4th Dept 2020]; Byrd v Roneker, 90 AD3d 1648, 1649 [4th Dept 2011]; Brown v Smith, 85 AD3d 1648, 1649 [4th Dept 2011]; Matter of Lloyd v Town of Greece Zoning Bd. of Appeals [appeal No. 1], 292 AD2d 818, 818-819 [4th Dept 2002], lv dismissed in part and denied in part 98 NY2d 691 [2002], rearg denied 98 NY2d 765 [2002]), we conclude that plaintiff's contention is not properly before us inasmuch as it is raised for the first time on appeal (see Canandaigua Natl. Bank & Trust Co. v Acquest S. Park, LLC, 178 AD3d 1374, 1375-1376 [4th Dept 2019]; Breau v Burdick, 166 AD3d 1545, 1549 [4th Dept 2018]; Lots 4 Less Stores, Inc. v Integrated Props., Inc., 152 AD3d 1181, 1182 [4th Dept 2017]; see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]).
In light of our determination, defendants' remaining contentions are academic.
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court