| |
|---|
| **Matter of Nicholson** |
| 2024 NY Slip Op 31771(U) |
| May 20, 2024 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2013-1194/C |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

New York County Surrogate's Court
DATA ENTRY DEPT.

MAY 2 0 2024

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------------x
In the Matter of the Accounting of James A. Nicholson and
Justin M. Nicholson, as Co-Executors of the Last Will  DECISION and ORDER
and Testament of

   RONALD A. NICHOLSON,     File No.: 2013-1194/C
         Deceased.
--------------------------------------------------------------------------x
M E L L A, S.:

The following papers were considered in deciding this discovery-related motion:

| Papers Considered: | Numbered: |
|---|---|
| Objectant's Notice of Motion to Compel Answers of Co-Executor James A. Nicholson, dated July 31, 2023; Affirmation of Jason E. Zakai, Esq., dated July 31, 2023 with Exhibits | 1, 2 |
| Memorandum of Law in Support of Motion to Compel, dated July 31, 2023 | 3 |
| Affidavit of James A. Nicholson in Opposition, dated August 16, 2023, with Exhibits | 4 |
| Affirmation of Anne C. Bederka, Esq., in Opposition, dated August 18, 2023, with Exhibits | 5 |
| Affirmation of Quincy Cotton, Esq., in Opposition, dated August 18, 2023, with Exhibits | 6 |
| Memorandum of Law in Opposition to Motion, dated August 18, 2023 | 7 |
| Reply Memorandum of Law in Further Support of Motion, dated September 6, 2023 | 8 |

At the call of the calendar on November 14, 2023, the court denied the motion of

Patricia Nicholson (Patricia) to compel Co-Executor James Nicholson (James) to answer four out

of five categories of questions that he had been directed not to answer by counsel at his SCPA

2211 examination in this Executors' accounting in the estate of Ronald Nicholson.  Regarding a

[* 1]

fifth category of questions related to James's sale of his personal interest in certain tax shelters, the court deferred its ruling based on the parties' representations during oral argument that they were close to resolving that issue.

Background

Decedent died on February 26, 2013, survived by his wife, Patricia, and three children, James, Leslie and Justin. As pertinent here, decedent provided in his will for his residuary estate to be held in a trust for the income benefit of Patricia with remainder upon her death to his children (Marital Trust). He nominated James and Justin as Co-Executors and Co-Trustees of the Marital Trust. Letters Testamentary and of Trusteeship issued to them on March 27, 2013. Three years after decedent's death, James and Justin commenced the instant accounting to which Patricia has objected. She alleges, among other things, that certain actions by James and Justin as Executors, and later as Trustees of the Marital Trust, improperly impaired or limited her interests in the Marital Trust.[1]

Patricia examined James over two days, pursuant to SCPA 2211, about his administration of decedent's assets. For context, it is important to note that, for years, James assisted in the management of decedent's significant real estate holdings. James also had his own real estate investments apart from those in which his father had an interest. When James's counsel instructed him not to answer certain lines of questions, Patricia made the instant motion to compel him to answer questions regarding the following: 1) James's role in the 2011 refinancing of estate entity, Gaslight Village Associates LP, and his knowledge of how those refinancing proceeds were to be used, 2) the compensation James received for personal business activities he

_____

1 The Marital Trust is the subject of a separate contested accounting.

2

conducted at estate entity Bay Management Corp., 3) whether James's relationship with real estate investor Burton Kassell affected the estate's ability to purchase additional partnership units in Greenhouse II Associates LLP, an entity in which the estate owns an interest, and 4) James's relationship with Ale Maley, LLC, which was substituted as the General Partner for Back Bay Associates, LP, an entity indirectly owned by the estate. There is no dispute that all of the areas into which Patricia seeks to inquire involve matters prior to decedent's death (and thus are outside the accounting period), or concern James's personal business activities.

Discussion

The statutory mandate that all matters "material and necessary" which bear on the controversy be disclosed (CPLR 3101) is construed liberally, but a party is not entitled to "unlimited, uncontrolled, unfettered disclosure" (*State Farm Mut. Auto. Ins. Co. v RLC Med., P.C.*, 150 AD3d 1034, 1035 [2d Dept 2017] [internal quotations marks and citations omitted]; *Matter of Eckert*, 60 Misc 3d 1007 [Sur Ct, Queens County 2018] [court has broad power to regulate discovery]). The party seeking discovery must demonstrate that the material sought is relevant or could properly lead to relevant evidence (*see State Farm Mut.*, 150 AD3d at 1035; *see also Brennan v Demydyuk*, 196 AD3d 1113, 1114 [4th Dept 2021][noting that "the pleadings determine the scope of discovery in a particular action"]). Within this framework, SCPA 2211[2] provides that, in an accounting, a "fiduciary may be examined ... as to any matter relating to his or her administration of the estate" (*see Matter of Jane D. Ritter Rev Trust*, 147 AD3d 757, 758 [2d Dept 2017]).

The court found that Patricia failed to meet her burden to establish that the subject matters about which she sought to question James were "material and necessary" to the issues

3

raised in the accounting. Specifically, she did not demonstrate that discovery concerning matters outside of the accounting period (February 26, 2013 through July 31, 2015) would be relevant to James's administration of the estate, which is the subject of this instant accounting (*see Matter of Rich*, 117 AD3d 1103 [3d Dept 2014] [court refused to allow pre-death discovery, limiting discovery to accounting period]; *see also Matter of Voice*, 35 Misc 2d 225 [Sur Ct, Nassau County 1962] [pre-death business activities not properly within accounting to be compelled]). Nor did Patricia establish a basis to question James about his personal finances and business dealings (*see Matter of Modell*, NYLJ, Oct 11, 2013, at 44 [Sur Ct, NY County] [court refused to allow SCPA 2211 examination into matters entirely unrelated to account and conduct as trustee]). Contrary to Patricia's contention, the cases upon which she relied were plainly distinguishable and did not stand for the proposition she claimed, namely that the management of decedent's assets prior to the accounting period and information regarding James's personal financial information and business dealings were discoverable in this proceeding.

In addition, although Patricia sought to compel James to answer questions concerning the financial interests of third-parties such as Burton Kassell and entities that neither James nor the estate controls, manages or has an ownership interest in, she did not establish how inquiries into these matters involved James's activities as co-Executor within the accounting period. Under these circumstances, the court found that compelling James's answers would not be "material and necessary" to the objections and, instead, would lead discovery far afield from the issues raised in the Executors' account, resulting in "delay and prolixity," which is to be avoided (*Allen v. Crowell–Collier Publishing Co.*, 21 NY2d 403, 406 [1968]; *see also Matter of Hoppenstein*, 187 AD3d 469 [1st Dept 2020] [affirming grant of protective order where discovery demands

4

went beyond the issues raised by accounting objections]).

For these reasons, the court, in its discretion and in consideration of the record before it and the other arguments made by the parties, denied Patricia's motion to compel as to the four categories of questions set forth above (*see generally Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 747 [2000] [courts exercise their discretion to determine the scope of discovery on the facts and circumstances of each case]). As to the fifth category, in view of the fact that, in the time since the oral argument, no party has notified the court that the parties' efforts to resolve the motion as to that issue had failed, that part of the motion seeking to question James as to the sale of his personal interest in certain tax shelters is now denied, without prejudice.

This decision, together with the transcript of the November 14, 2023 proceedings, constitutes the order of the court.

Dated: May 20, 2024

_____
S U R R O G A T E