Matter of Andrews (2025 NY Slip Op 52092(U))

[*1]

Matter of Andrews

2025 NY Slip Op 52092(U)

Decided on March 31, 2025

Surrogate's Court, Saratoga County

Schopf, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through January 07, 2026; it will not be published in the printed Official Reports.

Decided on March 31, 2025
Surrogate's Court, Saratoga County

In the Matter of the Estate of William C. Andrews, Deceased

File No. 2023-303/E

Phillip Vacchio, Esq.Attorney for the Estate (Barbara J. Iwan, Executor)Herzog Law Firm7 Southwoods BoulevardAlbany, New York 12211Susan SalvoObjectant, pro se

Jonathan G. Schopf, S.

This matter comes before the Court on a motion by Objectant, Susan Salvo, which seeks, inter alia, to compel discovery from Petitioner in relation to the pending judicial settlement of the within Estate.
Objectant's Notice of Motion dated February 15, 2025 includes a document entitled Motion to Compel Documents Supporting the Accounting by Executor which is three (3) pages long (herein referred to as the "Motion"), a two (2) page document entitled Objections to Accounting (herein referred to as "Supplemental Discovery", and five (5) pages of various correspondence between the parties and counsel (herein referred to as the "Correspondence").
The Court also has reviewed the Petitioner's Opposition papers dated March 18, 2025 and verified March 14, 2025 (herein the "Opposition"), and the March 26, 2025 Reply papers of Objectant (herein the "Reply"). The original return date of this motion was April 2, 2025 pursuant to this Court's scheduling order. This matter being now fully submitted, the Court issues the following decision and order.
The statutory mandate that all matters "material and necessary" which bear on the controversy be disclosed (CPLR §3101) is construed liberally; however, a party is not entitled to "unlimited, uncontrolled, unfettered disclosure" (State Farm Mut. Auto. Ins. Co. v RLC Med., P.C., 150 AD3d 1034 [2d Dept 2017] [internal quotations marks and citations omitted]; Matter of Eckert, 60 Misc 3d 1007 [Sur Ct, Queens County 2018] [court has broad power to regulate discovery]). The party seeking discovery must demonstrate that the material sought is relevant or could properly lead to relevant evidence (see State Farm Mut., 150 AD3d at 1035; see also [*2]Brennan v Demydyuk, 196 AD3d 1113 [4th Dept 2021][noting that "the pleadings determine the scope of discovery in a particular action"]). Additionally, objections to an accounting and the account itself constitute as pleadings in Surrogate's Court (see SCPA 302 [1] [a]; Matter of Baum, 7 Misc 3d 1027[A], 801 N.Y.S.2d 230 [Sur Ct, Nassau County 2005]). 
On page two (2) of the Motion, Objectant lists thirteen (13) items that she seeks documents to substantiate the charges reflected on the Amended Accounting at various pages. In the Opposition papers, Petitioner avers that for the first twelve (12) of the items in the list, that there are no backup documents in the possession of the Petitioner to provide to the Objectant for the reasons listed in the Opposition papers by the Petitioner.
Through discovery a party may be required to provide only those items which are in the possession, custody or control of the party served. Such items must be preexisting and tangible to be subject to discovery and production. Notably, a party may not be compelled to provide information that does not exist or to create new documents (Cruz v. Singh, 2017 NY Misc. LEXIS 28350 [Sup. Ct. June 27, 2017] citing Orzech v Smith, 12 AD3d 1150 [4lh Dept., 2004]). 
In regard to the fifth (5th) item, it appears from the Opposition papers that certain Estate funds may have been transferred to a personal account of the Executor (acct no. 
XXXX180). The Petitioner shall provide such statements as reflects the transfer of the $3,000.00 to one Kelly James from such account and/or the reimbursement to the Executor therefrom, to the extent that such transfer exists. All other identifying information and transaction information not related to Estate assets may be redacted.
In regard to the thirteenth (13th) item, Petitioner avers that statements were provided to Objectant on January 29, 2025 for storage unit costs, National Grid utility bills, and water bills. It would appear that as with the above twelve (12) items, Petitioners are not in possession of any other documents responsive to the request.
In the Supplemental Discovery documents, the Objectant appears to make document demands. Whether these demands were previously made or if this is a cut and paste of other items is unknown to the Court, but for purposes of this motion, the Court will consider the items listed on Page 4 and Page 5 of the Objections to Accounting document attached to the motion papers as document demands pertaining to the Amended Accounting and will rule accordingly in the order that these items are listed by the Objectant in her moving papers:
#4 — Invoices from Malina Mannarino shall be provided to the extent that they exist and are in the possession of the Petitioner and have not previously been provided;
#10 — Shivers Law Group invoices shall be provided to the extent that they exist and are in the possession of the Petitioner and have not previously been provided;
#11 — Account statements which reflect withdrawals and transfers to and from bank accounts with the account numbers of 
XXXXX794 and XXXXX879 on March 21, 2023 shall be provided to the extent that they exist and are in the possession of the Petitioner and have not previously been provided;
#12 — Citibank statement for a disbursement made on April 3, 2023 shall be provided to the extent that they exist and are in the possession of the Petitioner and have not previously been provided;
#13 — This item is more properly an objection as to the propriety of the accounting, the actions of the fiduciary, and the transaction at issue, not a demand for discovery and can be explored by the Objectant at a hearing, discovery with regard to this item is denied;
#17 — This item is more properly an objection as to the propriety of the accounting, the [*3]actions of the fiduciary, and the transaction at issue, not a demand for discovery and can be explored by the Objectant at a hearing, discovery with regard to this item is denied;
#21 — This item is more properly an objection as to the propriety of the accounting, the actions of the fiduciary, and the transaction at issue, not a demand for discovery and can be explored by the Objectant at a hearing, discovery with regard to this item is denied;
#32 — This item is more properly an objection as to the propriety of the accounting, the actions of the fiduciary, and the transaction at issue, not a demand for discovery and can be explored by the Objectant at a hearing, discovery with regard to this item is denied;
#35 — This item is more properly an objection as to the propriety of the accounting, the actions of the fiduciary, and the transaction at issue, not a demand for discovery and can be explored by the Objectant at a hearing, discovery with regard to this item is denied;
#45 — This item is more properly an objection as to the propriety of the accounting, the actions of the fiduciary, and the transaction at issue, not a demand for discovery and can be explored by the Objectant at a hearing, discovery with regard to this item is denied;
#15 — Town of Halfmoon water bills or invoices reflecting the charges of $847.60 for the subject property shall be provided to the extent that they exist and are in the possession of the Petitioner and have not previously been provided;
#16 — National Grid utility bills or statements for the subject property for the dates indicated in the accounting shall be provided to the extent that they exist and are in the possession of the Petitioner and have not previously been provided;
#23 — National Grid utility bills or statements for the subject property for the dates indicated in the accounting shall be provided to the extent that they exist and are in the possession of the Petitioner and have not previously been provided;
#34 — National Grid utility bills or statements for the subject property for the dates indicated in the accounting shall be provided to the extent that they exist and are in the possession of the Petitioner and have not previously been provided;
#38 — National Grid utility bills or statements for the subject property for the dates indicated in the accounting shall be provided to the extent that they exist and are in the possession of the Petitioner and have not previously been provided;
#47 — National Grid utility bills or statements for the subject property for the dates indicated in the accounting shall be provided to the extent that they exist and are in the possession of the Petitioner and have not previously been provided;
#18 — This item is more properly an objection as to the propriety of the accounting, the actions of the fiduciary, and the transaction at issue, not a demand for discovery and can be explored by the Objectant at a hearing, discovery with regard to this item is denied;
#25 — These items were ruled on in this Decision above, to the extent this demand seeks additional discovery from that reflected in the decision above, discovery is denied;
#28 - These items were ruled on in this Decision above, to the extent this demand seeks additional discovery from that reflected in the decision above, discovery is denied;
#31 - These items were ruled on in this Decision above, to the extent this demand seeks additional discovery from that reflected in the decision above, discovery is denied;
#48 - These items were ruled on in this Decision above, to the extent this demand seeks additional discovery from that reflected in the decision above, discovery is denied;
#53 - These items were ruled on in this Decision above, to the extent this demand seeks additional discovery from that reflected in the decision above, discovery is denied;
#55 - These items were ruled on in this Decision above, to the extent this demand seeks additional discovery from that reflected in the decision above, discovery is denied;
#26 — G Force Restoration LLC invoices for June 1, 2023 shall be provided to the extent that they exist and are in the possession of the Petitioner and have not previously been provided;
#30 - Receipts for June 27, 2023 for the purchase of two sump pumps shall be provided to the extent that they exist and are in the possession of the Petitioner and have not previously been provided;
#32 - This item is more properly an objection as to the propriety of the accounting, the actions of the fiduciary, and the transaction at issue, not a demand for discovery and can be explored by the Objectant at a hearing, discovery with regard to this item is denied;
#35 - This item is more properly an objection as to the propriety of the accounting, the actions of the fiduciary, and the transaction at issue, not a demand for discovery and can be explored by the Objectant at a hearing, discovery with regard to this item is denied;
#42 - This item is more properly an objection as to the propriety of the accounting, the actions of the fiduciary, and the transaction at issue, not a demand for discovery and can be explored by the Objectant at a hearing, discovery with regard to this item is denied;
#43 - This item is more properly an objection as to the propriety of the accounting, the actions of the fiduciary, and the transaction at issue, not a demand for discovery and can be explored by the Objectant at a hearing, discovery with regard to this item is denied;
#44 - This item is more properly an objection as to the propriety of the accounting, the actions of the fiduciary, and the transaction at issue, not a demand for discovery and can be explored by the Objectant at a hearing, discovery with regard to this item is denied;
#46 — Invoices for Hartford Homeowner's insurance for July, August and September of 2023 shall be provided to the extent that they exist and are in the possession of the Petitioner and have not previously been provided;
#48 - This item is more properly an objection as to the propriety of the accounting, the actions of the fiduciary, and the transaction at issue, not a demand for discovery and can be explored by the Objectant at a hearing. Moreover, these items were ruled on in this Decision above, to the extent this demand seeks additional discovery from that reflected in the decision above, discovery is denied;
#49 — To the extent these items were not previously provided as stated in paragraph 13 of the Petitioner's Opposition papers, they shall be provided to the extent that they exist and are in the possession of the Petitioner;
#50 - To the extent these items were not previously provided as stated in paragraph 13 of the Petitioner's Opposition papers, they shall be provided to the extent that they exist and are in the possession of the Petitioner;
#51 - To the extent these items were not previously provided as stated in paragraph 13 of the Petitioner's Opposition papers, they shall be provided to the extent that they exist and are in the possession of the Petitioner;
#57 - To the extent these items were not previously provided as stated in paragraph 13 of the Petitioner's Opposition papers, they shall be provided to the extent that they exist and are in the possession of the Petitioner;
#52 - These items were ruled on in this Decision above, to the extent this demand seeks additional discovery from that reflected in the decision above, discovery is denied;
#56 - These items were ruled on in this Decision above, to the extent this demand seeks [*4]additional discovery from that reflected in the decision above, discovery is denied;
#54 - These items were ruled on in this Decision above, to the extent this demand seeks additional discovery from that reflected in the decision above, discovery is denied;
Lastly, from review of the Correspondence papers of Objectant, it appears that a bank account bearing account number 
XXXX180 is the primary issue of contention in discovery contained therein and Objectant claims that items 25, 28, 31, 48, 49, 50, 51, 52, 53, 54, 55, 56, and 57 of Schedule C of the Amended Accounting relate to such account. Upon review of the Amended Account, Schedule C it appears that only items, 49, 50, 51, 52, 53, 54, 55, and 56 relate to the account number 
XXXX180. These items were ruled on in this Decision above, to the extent this demand seeks additional discovery from that reflected in the decision above, discovery is denied. Likewise, items 25, 28, 31, 48, and 57 were ruled on in this Decision above, to the extent the demand seeks additional discovery from that reflected in the decision above, discovery is denied.
Objectant's Reply papers consist of arguments not related to discovery, but to speculative assertions and matters that are not properly before the Court on this instant motion to compel discovery. These items can be explored by the Objectant at a hearing on the settlement of the Amended Accounting provided that there is a factual and evidentiary basis to do so. Based upon the foregoing it is hereby
ORDERED, ADJUDGED, AND DECREED that to the extent the foregoing items listed in this Decision and Order exist, they shall be provided to the Objectant within twenty (20) days of the entry of this Decision and Order, or if they do not exist or have been previously provided to Objectant, a written verified statement expressing such served upon the Objectant within twenty (20) days of the entry of this Decision and Order; and it is further
ORDERED, ADJUDGED, AND DECREED that the parties are hereby directed to provide the Court with proposed dates for the rescheduling of the previously scheduled ADR session. Should the parties no longer agree to ADR, the Court shall be advised on or before April 7, 2025 at which time the following Scheduling Order shall apply:

May 15, 2025

Discovery to be completed, including Depositions, if any

June 15, 2025

Pre-hearing motions to be filed

September 1, 2025

Appraisals to be exchanged

September 17-18, 2025

Trial commences at 9:30 a.m.

The trial will be held at the Saratoga County Court House, located at 30 McMaster Street, Building #3 in the Part III Courtroom; and it is further
ORDERED, ADJUDGED, AND DECREED that all other issues raised in the moving papers to the extent not determined herein have been considered and are deemed denied.
DATED: March 31, 2025HON. JONATHAN G. SCHOPFSARATOGA COUNTY SURROGATEENTERED
Papers Considered:Objectant's Notice of Motion dated February 15, 2025Objectant's Motion to Compel Documents Supporting the Accounting by Executor and annexed papersPetitioner's Opposition papers dated March 18, 2025 and verified March 14, 2025Objectant's March 26, 2025 Reply papersAmended Accounting pending before the Court