■ JAMES MAZZA, Plaintiff, and VINCENZO IMPEDUGLIA, Appellant-Respondent, v ANTHONY SENECA et al., Respondents-Appellants. [899 NYS2d 294]—In an action, inter alia, to recover damages for a violation of Labor Law § 220, the plaintiff Vincenzo Impeduglia appeals from (1) so much of an order of the Supreme Court, Kings County (Kramer, J.), dated May 19, 2008, as denied his motion pursuant to CPLR 3126 to strike the defendants' answer or to direct the defendants to comply with outstanding discovery requests, or, pursuant to CPLR 3042 to preclude the defendants from offering evidence at the time of trial, and (2) an order of the same court dated October 23, 2008, which, in effect, granted that branch of the defendants' motion which was pursuant to CPLR 325 (d) to transfer the action to the Civil Court, Kings County, and the defendants cross-appeal from (1) so much of the order dated May 19, 2008, as denied their cross motion for a protective order, and (2) the order dated October 23, 2008.

Ordered that the defendants' cross appeal from the order dated October 23, 2008, is dismissed, without costs or disbursements, as the defendants are not aggrieved by that order (see CPLR 5511); and it is further,

Ordered that the order dated May 19, 2008, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and it is further,

Ordered that the order dated October 23, 2008, is affirmed, without costs or disbursements.

The Supreme Court providently exercised its discretion in denying the motion of the plaintiff Vincent Impeduglia (hereinafter the plaintiff), inter alia, pursuant to CPLR 3126 to strike the defendants' answer. A court may strike an answer as a sanction if a defendant "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126). However, the drastic remedy of striking an answer is inappropriate absent a clear showing that the defendant's failure to comply with discovery demands was willful or contumacious (see *Conciatori v Port Auth. of N.Y. & N.J.*, 46 AD3d 501, 504 [2007]; *Morano v Westchester Paving & Sealing Corp.*, 7 AD3d 495 [2004]). The plaintiff failed to make such a showing. Moreover, under the circumstances of this case, even the lesser sanction of preclusion would not have been appropriate.

The Supreme Court providently exercised its discretion in

transferring this action to the Civil Court, Kings County (*see* CPLR 325 [d]; *Lleshanaku v Kenmore Assoc.*, 309 AD2d 545 [2003]; *Chico v Nadler*, 300 AD2d 105 [2002]).

We do not reach the defendants' contention concerning that branch of their motion which was for summary judgment dismissing the complaint, as that branch of the motion was not addressed by the Supreme Court. Thus, that branch of the motion remains pending and undecided (*see Magriples v Tekelch*, 53 AD3d 532 [2008]; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]).

The parties' remaining contentions either have been rendered academic or are without merit. Covello, J.P., Florio, Eng and Chambers, JJ., concur.