■ Angela Moray, Appellant, v City of Yonkers et al., Respondents. [898 NYS2d 470]—In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Smith, J.), dated March 5, 2009, which, in effect, granted that branch of the motion of the defendant Ahmed Hakki pursuant to CPLR 3126 which was to dismiss the cause of action to recover damages for intentional infliction of emotional distress insofar as asserted against him, and (2) an order of the same court dated

June 9, 2009, which granted her motion to settle the transcript of the proceedings held in the above-entitled action on December 31, 2008.

Ordered that the appeal from the order dated June 9, 2009, is dismissed, as the plaintiff is not aggrieved by that order; and it is further,

Ordered that the order dated March 5, 2009, is reversed, on the facts and in the exercise of discretion, and that branch of the motion of the defendant Ahmed Hakki pursuant to CPLR 3126 which was to dismiss the cause of action to recover damages for intentional infliction of emotional distress is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The drastic remedy of striking a pleading or dismissal pursuant to CPLR 3126 for failure to comply with court-Ordered disclosure should be granted only where the conduct of the resisting party is shown to be willful and contumacious (*see Northfield Ins. Co. v Model Towing & Recovery*, 63 AD3d 808 [2009]; *Mei Yan Zhang v Santana*, 52 AD3d 484, 485 [2008]; *Xina v City of New York*, 13 AD3d 440, 441 [2004]; *Frias v Fortini*, 240 AD2d 467 [1997]). The record does not support the dismissal of the cause of action to recover damages for intentional infliction of emotional distress pursuant to CPLR 3126, as there was no evidence of willful or contumacious conduct in connection with the plaintiff's failure to authorize the release of the records at issue (*see Simpson v City of New York*, 10 AD3d 601, 602-603 [2004]; *Lerner v Knot*, 201 AD2d 466 [1994]). Skelos, J.P., Santucci, Lott and Sgroi, JJ., concur.