■ Krista Palomba, Respondent, v Schindler Elevator Corporation, Appellant. [903 NYS2d 137]—

In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Putnam County (O'Rourke, J.), dated September 2, 2009, which granted the plaintiff's motion pursuant to CPLR 3126 to strike its answer unless it responded to the plaintiff's discovery demands by a date certain, and (2) an order of the same court dated November 2, 2009, which denied its motion for leave to renew and/or reargue the plaintiff's motion.

Ordered that the appeal from so much of the order dated November 2, 2009, as denied that branch of the defendant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (see Barany v Barany, 71 AD3d 613, 614 [2010]); and it is further,

Ordered that the order dated September 2, 2009, is reversed, on the facts and in the exercise of discretion, and the plaintiff's motion pursuant to CPLR 3126 to strike the defendant's answer unless it responded to the plaintiff's discovery demands by a date certain is denied; and it is further,

Ordered that the appeal from so much of the order dated November 2, 2009, as denied that branch of the defendant's motion which was for leave to renew is dismissed as academic in light of our determination on the appeal from the order dated September 2, 2009; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The Supreme Court improvidently exercised its discretion in granting the plaintiff's motion pursuant to CPLR 3126 to strike the defendant's answer. A court may strike an answer as a sanction if a defendant "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126; see Mazza v Seneca, 72 AD3d 754 [2010]). However, the drastic remedy of striking an answer is inappropriate absent a clear showing that the defendant's failure to comply with discovery demands was willful or contumacious (see Moray v City of Yonkers, 72 AD3d 766 [2010]; Pirro Group, LLC v One Point St., Inc., 71 AD3d 654, 655 [2010]; Dank v Sears Holding Mgt. Corp., 69 AD3d 557 [2010]).

Applying those principles to the matter at bar, the plaintiff

failed to make such a showing. The plaintiff moved to strike the answer when the action was only approximately five months old, and the only existing court-ordered deadline for responding to discovery demands, which had been set forth in the preliminary conference order, had expired only four days earlier. Moreover, the defendant proffered a reasonable excuse for its delay in responding. Dillon, J.P., Santucci, Balkin, Belen and Sgroi, JJ., concur.