Motion by the appellant, in effect, to amend a decision and order of this Court dated April 13, 2010, which determined appeals from two orders of the Supreme Court, Westchester County, dated March 5, 2009, and June 9, 2009, respectively.
Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, it is
Ordered that the motion is granted, and the decision and order of this Court dated April 13, 2010 (Moray v City of Yonkers, 72 AD3d 766 [2010]), is recalled and vacated, and the following decision and order is substituted therefor:
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Smith, J.), dated March 5, 2009, which, in effect, granted that branch of the motion of the de *619 fendant Ahmed Hakki pursuant to CPLR 3126 which was to dismiss the complaint to the extent of “precluding the plaintiff from seeking recovery for emotional damages” and (2) an order of the same court dated June 9, 2009, which granted her motion to settle the transcript of the proceedings held in the above-entitled action on December 31, 2008.
Ordered that the appeal from the order dated June 9, 2009, is dismissed, as the plaintiff is not aggrieved by that order; and it is further,
Ordered that the order dated March 5, 2009, is reversed, on the facts and in the exercise of discretion, and that branch of the motion of the defendant Ahmed Hakki pursuant to CPLR 3126 which was to dismiss the complaint to the extent of “precluding the plaintiff from seeking recovery for emotional damages” is denied; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The drastic remedy of striking a pleading or dismissal pursuant to CPLR 3126 for failure to comply with court-ordered disclosure should be granted only where the conduct of the resisting party is shown to be willful and contumacious (see Northfield Ins. Co. v Model Towing & Recovery, 63 AD3d 808 [2009]; Mei Yan Zhang v Santana, 52 AD3d 484, 485 [2008]; Xina v City of New York, 13 AD3d 440, 441 [2004]; Frias v Fortini, 240 AD2d 467 [1997]). The record does not support the dismissal of the complaint to the extent of “precluding the plaintiff from seeking recovery for emotional damages” pursuant to CPLR 3126, as there was no evidence of willful or contumacious conduct in connection with the plaintiffs failure to authorize the release of the records at issue (see Simpson v City of New York, 10 AD3d 601, 602-603 [2004]; Lerner v Knot, 201 AD2d 466 [1994]). Skelos, J.P., Santucci, Lott and Sgroi, JJ., concur.