■ EVELYN THOMPSON, Appellant, v DALLAS BBQ et al., Respondents. [923 NYS2d 357]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), dated June 21, 2010, which denied her motion pursuant to CPLR 3126 to strike the defendants' answer for failure to provide certain disclosure.

Ordered that the order is affirmed, with costs.

Pursuant to CPLR 3126, "[a] court may strike an answer as a sanction if a defendant 'refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed' " (Mazza v Seneca, 72 AD3d 754, 754 [2010], quoting CPLR 3126). The nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the trial court (see CPLR 3126 [3]; Kihl v Pfeffer, 94 NY2d 118, 122-123 [1999]; Bernal v Singh, 72 AD3d 716 [2010]). The drastic remedy of striking a pleading is not appropriate absent a clear showing that the failure to comply with discovery demands is willful and contumacious (see CPLR 3126 [3]; Kyung Soo Kim v Goldmine Realty, Inc., 73 AD3d 709 [2010]; Moray v City of Yonkers, 72 AD3d 766 [2010]).

Here, there was no such clear showing that the defendants' conduct was willful and contumacious (see Dank v Sears Holding Mgt. Corp., 69 AD3d 557 [2010]). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to strike the defendants' answer. Skelos, J.P., Dickerson, Hall, Austin and Miller, JJ., concur.