■ SHARON CELIA POLSKY, Appellant, v SCOTT TUCKMAN et al., Respondents. [924 NYS2d 830]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered April 4, 2008, which granted the defendants' motion pursuant to CPLR 3126 to strike the complaint.

Ordered that the order is reversed, on the facts and in the exercise of discretion, and the defendants' motion to strike the complaint is denied.

The defendants' motion pursuant to CPLR 3126 to strike the complaint upon the plaintiff's failure to appear at a court-ordered deposition should have been denied. A court may strike a pleading as a sanction if a plaintiff "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126; *see Mazza v Seneca*, 72 AD3d 754 [2010]). However, the drastic remedy of striking a complaint is inappropriate absent a clear showing that the plaintiff's failure to comply with discovery demands was willful and contumacious (*see Comprehensive Care of N.Y., P.C. v Manuel A. Romero, P.C.*, 56 AD3d 510 [2008]; *Anonymous v Duane Reade, Inc.*, 49 AD3d 479, 480 [2008];

*Resnick v Schwarzkopf*, 41 AD3d 573 [2007]). Here, the defendants failed to make a clear showing that the plaintiff's conduct was willful and contumacious (*see Palomba v Schindler El. Corp.*, 74 AD3d 1037 [2010]; *Anonymous v Duane Reade, Inc.*, 49 AD3d 479 [2008]). Mastro, J.P., Florio, Leventhal, Belen and Cohen, JJ., concur.