■ Hoi Wah Lai et al., Respondents, v Charles Mack et al., Defendants, and Maria Codreanu et al., Appellants. [933 NYS2d 712]—

The Supreme Court improvidently exercised its discretion in granting the plaintiffs' motion pursuant to CPLR 3126 to strike the appellants' answer. A court may strike an answer as a sanction if a defendant "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126; see Thompson v Dallas BBQ, 84 AD3d 1221 [2011]; Mazza v Seneca, 72 AD3d 754 [2010]). However, the drastic remedy of striking an answer is inappropriate absent a clear showing that the defendant's failure to comply with discovery demands was willful or contumacious (see Polsky v Tuckman, 85 AD3d 750 [2011]; Moray v City of Yonkers, 76 AD3d 618 [2010]; Pirro Group, LLC v One Point St., Inc., 71 AD3d 654 [2010]; Dank v Sears Holding Mgt. Corp., 69 AD3d 557 [2010]). Here, the plaintiffs failed to make such a showing. At the time the plaintiffs moved to strike the appellants' answer, the action had been pending for less than five months, the appellants had not missed any court-ordered deadlines, and, in fact, the appellants had already served a response to the plaintiffs' notice to produce (see Palomba v Schindler El. Corp., 74 AD3d 1037, 1038 [2010]). In addition, the motion was not supported by an affirmation of good faith, as required by 22 NYCRR 202.7 (see Quiroz v Beitia, 68 AD3d 957, 960 [2009]; Dennis v City of New York, 304 AD2d 611, 613 [2003]). Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.