■ MILTON PERLA et al., Appellants, v DAYTREE CUSTOM BUILDERS, INC., Respondent. [989 NYS2d 322]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order by the Supreme Court, Suffolk County (Whelan, J.), dated January 8, 2013, as, in effect, denied their motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) and pursuant to CPLR 3126 to strike the defendant's answer for failure to provide discovery or, in the alternative, its first affirmative defense based on the exclusivity provision of the Workers' Compensation Law.

Ordered that the order is affirmed insofar as appealed from, with costs.

While in the course of his employment, the injured plaintiff fell off of the roof of a house and, thereafter, he received Workers' Compensation benefits from his employer based on this incident. Subsequently, he, and his wife suing derivatively, commenced this action against the defendant to recover damages, inter alia, for a violation of Labor Law § 240 (1). The plaintiffs moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) and pursuant to CPLR 3126 to strike the defendant's answer for failure to provide discovery or, in the alternative, to strike its first affirmative defense based on the exclusivity provision of the Workers' Compensation Law. The Supreme Court, inter alia, in effect, denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability with respect to the cause of action alleging a violation of Labor Law § 240 (1), concluding that a triable issue of fact existed as to whether the defendant was an alter ego of the injured plaintiff's employer, and denied that branch of the plaintiffs' motion which was pursuant to CPLR 3126 on the ground that the plaintiffs failed to establish that the defendant's failure to comply with discovery was willful or contumacious.

"Labor Law § 240 (1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (*McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 374 [2011]). To prevail on a Labor Law § 240 (1) cause of action, a plaintiff must demonstrate that the statute was violated and that the violation was a proximate cause of his or her injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]). Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law with re-

spect to this cause of action by showing that the defendant failed to provide the injured plaintiff with a proper safety device and that this failure was a proximate cause of his injuries (*see Quinteros v P. Deblasio, Inc.*, 82 AD3d 861, 861-862 [2011]; *see also Henry v Eleventh Ave., L.P.*, 87 AD3d 523, 524 [2011]).

However, in opposition, the defendant raised a triable issue of fact as to whether it was an alter ego of the injured plaintiff's employer, which would relegate the plaintiffs to the exclusive remedy provided by Workers' Compensation Law §§ 11 and 29 (6) (*see Thomas v Dunkirk Resort Props., LLC*, 101 AD3d 1721, 1722 [2012]; *Andrade v Brookwood Communities, Inc.*, 97 AD3d 711 [2012]; *George v IBC Sales Corp.*, 76 AD3d 950, 952 [2010]; *Nelson v Shaner Cable*, 2 AD3d 1371 [2003]).

Further, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike the defendant's answer or its first affirmative defense, since there was no clear showing that the defendant's failure to comply with discovery demands was willful or contumacious (*see CPLR 3126; Hoi Wah Lai v Mack*, 89 AD3d 990, 991 [2011]; *Delarosa v Besser Co.*, 86 AD3d 588, 589 [2011]; *Palomba v Schindler El. Corp.*, 74 AD3d 1037, 1037-1038 [2010]). In addition, the plaintiffs failed to submit an affirmation of good faith indicating that efforts had been made to resolve the purported discovery dispute prior to engaging in motion practice, as required by 22 NYCRR 202.7 (a) (2) (*see Hoi Wah Lai v Mack*, 89 AD3d at 991; *Walter B. Melvin, Architects, LLC v 24 Aqueduct Lane Condominium*, 51 AD3d 784 [2008]).

The plaintiffs' remaining contention is improperly raised for the first time on appeal and, therefore, is not properly before this Court (*see Potter v Potter*, 116 AD3d 1021 [2014]; *HSBC Bank USA, N.A. v Calderon*, 115 AD3d 708 [2014]). Dillon, J.P., Lott, Austin and Barros, JJ., concur.