■ MARLENE RODRIGUEZ, Respondent, v 2526 VALENTINE LLC, Appellant, et al., Defendant. MICHAEL B. DOYLE, Nonparty Respondent. [19 NYS3d 425]—

Judgment, Supreme Court, Bronx County (Howard H. Sherman, J.), entered February 18, 2014, awarding plaintiff's counsel costs and fees against defendant 2526 Valentine LLC and its counsel, unanimously affirmed, without costs. Appeal from orders, same court and Justice, entered January 13, 2014 and on or about January 29, 2014, unanimously dismissed, without costs, as subsumed in the appeal from the aforesaid judgment.

Defendant 2526 Valentine and its counsel engaged in frivolous conduct by moving to vacate a default judgment that had been reinstated by this Court in a prior appeal (58 AD3d 530 [1st Dept 2009]) and raising the same issues that they had had a full and fair opportunity to litigate in that appeal (see NAMA Holdings, LLC v Greenberg Traurig, LLP, 92 AD3d 614 [1st Dept 2012]). On their second motion to vacate, Valentine neither submitted previously unavailable evidence nor identified a change in the applicable law since our decision was issued. Further, under oath, Valentine's managing members made contradictory statements about a material issue, and its counsel certified falsely that no prior application for the same relief had been sought. We agree with the motion court's conclusion that Valentine and its counsel brought the second motion primarily to prolong or delay the litigation (see 22 NYCRR 130-1.1 [c] [2]).

Contrary to Valentine's argument, plaintiff was not required to pay an additional filing fee when she filed her amended cross motion (see CPLR 8020 [a]). Moreover, in light of their own litigation tactics, Valentine and its counsel can hardly claim prejudice from the passage of nearly two years between the initial motion, which sought sanctions against Valentine, and the amendment, which added an application for sanctions against counsel.

Under the circumstances of this protracted litigation, which include the failure of the court's e-file system to recognize the existence of the amended cross motion, the court properly found that plaintiff demonstrated good cause for her two-month delay

in filing a proposed settlement order (22 NYCRR 202.48 [b]; *see Platt v Parklex Assoc.*, 234 AD2d 115 [1st Dept 1996]). Concur— Gonzalez, P.J., Tom, Mazzarelli and Manzanet-Daniels, JJ.