■ Robert Jackson et al., Respondents, v Hunter Roberts Construction Group, L.L.C., et al., Appellants. [29 NYS3d 170]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered April 24, 2015, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to strike defendants' answer, unanimously reversed, on the facts, without costs, and the motion denied. Order, same court and Justice, entered July 17, 2015, which denied defendants' motion to vacate the note of issue or to compel discovery, unanimously reversed, on the facts, without costs, and the motion to vacate the note of issue granted.

The motion court improvidently exercised its discretion in striking the answer. Plaintiffs' motion was procedurally deficient, since it was not supported by an affirmation of good faith (see Uniform Rules for Trial Cts [22 NYCRR] § 202.7). Nor did the record show that "any further attempt to resolve the dispute nonjudicially would have been futile" (Loeb v Assara N.Y. I L.P., 118 AD3d 457, 458 [1st Dept 2014] [internal quotation marks omitted]). Plaintiffs failed to identify any recent meaningful attempts to resolve the parties' discovery disputes before raising them for the first time in their motion.

Moreover, plaintiffs failed to "conclusively demonstrate[ ] that the non-disclosure was willful, contumacious or due to bad faith" (Henderson-Jones v City of New York, 87 AD3d 498, 504 [1st Dept 2011] [internal quotation marks omitted]). Defend-

ants have complied with many of their discovery obligations, and their failure to submit to depositions cannot be said to have been in bad faith, in light of their belief that plaintiffs had failed to comply with their own outstanding discovery obligations (*see DaimlerChrysler Ins. Co. v Seck*, 82 AD3d 581, 582 [1st Dept 2011] [unilateral discovery sanction inappropriate where "delays in discovery were caused by both parties' actions"]). Concur—Mazzarelli, J.P., Friedman, Andrias, Moskowitz and Kahn, JJ.