Ashley M. v Marcinkowski (2022 NY Slip Op 04437)

Ashley M. v Marcinkowski

2022 NY Slip Op 04437

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, AND WINSLOW, JJ.

102 CA 21-00492

[*1]ASHLEY M., AS PARENT AND NATURAL GUARDIAN OF GABRIELLA M., PLAINTIFF-RESPONDENT,
v
JENNIFER MARCINKOWSKI AND JEFFREY MARCINKOWSKI, DEFENDANTS-APPELLANTS. 

LAW OFFICES OF JOHN TROP, ROCHESTER (TIFFANY L. D'ANGELO OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
POWERS & SANTOLA, LLP, ALBANY (MICHAEL J. HUTTER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered March 24, 2021. The order granted the motion of plaintiff for leave to renew and, upon renewal, denied the prior cross motion of defendants to quash subpoenas and for a protective order. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: This discovery dispute stems from plaintiff's action seeking damages for injuries sustained by plaintiff's infant after she was allegedly attacked by defendants' dog. Plaintiff subpoenaed the dog's veterinary records from two non-party veterinary hospitals. After defendants opposed the release of those records, plaintiff moved for an order compelling defendants to sign authorizations permitting plaintiff to obtain the records. Defendants cross-moved for a protective order precluding plaintiff from obtaining the records on the ground that they are protected under Education Law § 6714, an order quashing the subpoenas pursuant to CPLR 2304, and a protective order pursuant to CPLR 3103. Supreme Court denied the motion and cross motion as premature and directed the parties to engage in further discovery. After deposing defendants, plaintiff moved for leave to renew the prior motions. The court granted plaintiff's motion for leave to renew and, upon renewal, denied defendants' cross motion to quash the subpoenas and for a protective order. The court further determined that, based upon its denial of defendants' cross motion, plaintiff's motion to compel had been rendered moot. Defendants now appeal, and we affirm.
Contrary to defendants' contention, the court did not abuse its discretion in granting plaintiff's motion for leave to renew. As relevant here, a party may move for leave to renew a previous motion "based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]). The movant must provide "reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). Here, plaintiff's motion for leave to renew is based upon new facts not offered on the prior motion, specifically transcripts of depositions of defendants that had not been completed at the time of the initial motion, and plaintiff established that the new facts would change the prior determination (see CPLR 2221 [e] [2]). Thus, the court did not abuse its discretion in granting plaintiff's motion for leave to renew (see Nationstar Mtge., LLC v Goodman, 187 AD3d 1635, 1636 [4th Dept 2020]).
We further conclude that, upon renewal, the court did not err in denying defendants' cross motion (see generally University Sq. San Antonio, Tx. LLC v Mega Furniture Dezavala, LLC, 198 AD3d 1284, 1286 [4th Dept 2021]). "Disclosure in civil actions is generally governed by CPLR 3101 (a), which directs: '[t]here shall be full disclosure of all matter material and [*2]necessary in the prosecution or defense of an action, regardless of the burden of proof' " (Brennan v Demydyuk, 196 AD3d 1113, 1114 [4th Dept 2021]). The words " 'material and necessary' " are "to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; see Brennan, 196 AD3d at 1114). Here, the contested veterinary records are material and necessary to the prosecution of plaintiff's action because, at the very least, they " 'may contain information reasonably calculated to lead to relevant evidence' " (Bozek v Derkatz, 55 AD3d 1311, 1312 [4th Dept 2008]).
Contrary to defendants' contention, Education Law § 6714 does not prohibit the release of veterinary records pursuant to a subpoena. In matters of statutory interpretation, "our primary consideration is to discern and give effect to the . . . intention of the enactor of the statute" (Makinen v City of New York, 30 NY3d 81, 85 [2017] [internal quotation marks omitted]; see Matter of Walsh v New York State Comptroller, 34 NY3d 520, 524 [2019]). "Inasmuch as [the] text of a statute is the clearest indicator of such legislative intent, where the disputed language is unambiguous, we are bound to give effect to its plain meaning" (Makinen, 30 NY3d at 85 [internal quotation marks omitted]). "[A] statute must be construed as a whole and . . . its various sections must be considered together and with reference to each other" (Walsh, 34 NY3d at 524 [internal quotation marks omitted]). "Where the statutory language is unambiguous, a court need not resort to legislative history" (id.).
Education Law § 6714 (1) provides that, "[u]pon written request from the owner of an animal which has received treatment from or under the supervision of a veterinarian, such veterinarian shall provide to such owner within a reasonable time period a copy of all records relating to the treatment of such animal. For the purposes of this section, the term 'records' shall mean all information concerning or related to the examination or treatment of the animal kept by the veterinarian in the course of his or her practice. A veterinarian may impose a reasonable charge for providing copies of such records. A veterinarian may make available to the owner either the original or a copy of such record or document including x-rays, electrocardiograms and other diagnostic tests and may impose a reasonable fee for the reproduction of such copies."
Nothing in the plain language of that statute prohibits a veterinarian from providing a copy of treatment records pursuant to a subpoena. Had the legislature intended to create such an exemption, it could have done so using language similar to that found in Education Law § 6527 (3), which provides that "records relating to performance of a medical or a quality assurance review function . . . shall [not] be subject to disclosure under article thirty-one of the [CPLR] except as hereinafter provided or as provided by any other provision of law" (see generally Walsh, 34 NY3d at 526-527; Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N.Y. at Farmingdale, 87 NY2d 410, 419-420 [1995]). Education Law § 6714, however, contains no such prohibition.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court