| |
|:---:|
| **Evans v Punter** |
| 2024 NY Slip Op 31485(U) |
| April 25, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154101/2020 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:　　HON. DAVID B. COHEN　　　　　　　PART　58

*Justice*

-------------------------------------------------------------------------X

PAUL EVANS,

　　　　　　　　　　　Plaintiff,

- v -

MALCOLM A. PUNTER, AARIAN PUNTER, RUCKER
PARK PREP FOUNDATION, and HARLEM
CONGREGATIONS FOR COMMUNITY IMPROVEMENT,
INC.,

　　　　　　　　　　　Defendants.

-----------------------------------------------------------------------X

INDEX NO.　　154101/2020

MOTION SEQ. NO.　　010

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 010) 182, 183, 184, 185, 186, 187, 189, 190, 191, 192

were read on this motion to/for　　　　REARGUMENT/RECONSIDERATION　　　　.

In this defamation and libel action, plaintiff moves, pursuant to CPLR 2221(d), for leave to reargue the motion by nonparty Office of the Attorney General (OAG) seeking to quash plaintiff's subpoena (Seq. 009) and, upon reargument, for denial of OAG's motion.

## I. Factual and Procedural Background

As set forth in this Court's November 22, 2023 order (NYSCEF Doc No. 180), plaintiff commenced this action in June 2020 after defendants sent several allegedly defamatory communications to his employer, the New York City Department of Parks & Recreation (Parks Department). During discovery, plaintiff moved to serve a subpoena duces tecum upon Letitia James, the Attorney General for the State of New York, for, among other things, records of internal OAG communications concerning plaintiff (Seq. 007) (Doc No. 124), which OAG opposed (Doc No. 154). Shortly before oral argument on the motion to serve the subpoena, OAG voluntarily

**154101/2020　EVANS, PAUL vs. PUNTER, MALCOLM A.**　　　　　　**Page 1 of 5**
**Motion No. 010**

1 of 5

provided all external communications between it and defendants, although it still opposed the issuance of the subpoena.

Plaintiff's motion was granted and the subpoena subsequently so-ordered in May 2023 (Doc No. 184). OAG then moved to quash the subpoena, arguing, among other things, that the communications plaintiff sought were either irrelevant to the instant action or shielded by privilege (Doc No. 168). In opposition, plaintiff argued that the motion should be denied because OAG failed to include an affidavit of good faith, the information he sought was material and necessary, and any privilege protections had been waived.

By decision and order entered November 22, 2023, OAG's motion was granted after it was determined that plaintiff's request for OAG's internal communications was "utterly irrelevant" to his claims of defamation against defendants. Such internal communications would not aid plaintiff in establishing the central elements of defamation, because they lacked any connection between defendants and a third party. That relevant information would be contained in external communications between OAG and defendants, which OAG had previously provided.

Plaintiff now moves for leave to reargue OAG's motion to quash the subpoena (Doc No. 182), which OAG opposes (Doc No. 191).

## II. Legal Analysis and Conclusions

Plaintiff contends that he should be granted leave to reargue because the Court erred in concluding that the internal OAG communications were "utterly irrelevant." He also argues that the Court misapprehended the law by failing to dismiss OAG's motion because it failed to include an affirmation of good faith, as required by 22 NYCRR 202.7.

OAG argues in opposition that plaintiff failed to demonstrate that any facts were overlooked or that the law was misapprehended, he is simply unhappy with the outcome. In reply,

**154101/2020   EVANS, PAUL vs. PUNTER, MALCOLM A.**
**Motion No. 010**

**Page 2 of 5**

plaintiff reiterates his 22 NYCRR 202.7 contention and maintains that the Court's failure to mention such arguments in the November 2023 order is sufficient grounds for reargument. He also reiterates his contention that the internal OAG communications were not utterly irrelevant.

"A motion for leave to reargue pursuant to CPLR 2221 is addressed to the sound discretion of the court and may be granted only upon a showing that the court overlooked or misapprehended the facts or the law or for some reason mistakenly arrived at its earlier decision" (*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept 1992] [internal quotation marks and citations omitted], *lv dismissed and denied* 80 NY2d 1005 [1992]; *see Foley v Roche*, 68 AD2d 558, 567-568 [1st Dept 1979]).

Plaintiff fails to demonstrate that the Court overlooked facts or misapprehended the law in granting OAG's motion to quash. With respect to his relevancy contention, he does not assert that the authority cited in the November 2023 order was incorrect and provides no authority contradicting it. Instead, he attempts to distinguish the cases cited, reiterating why the information he sought should have been deemed material and necessary, all of which amounts to rehashing the same arguments he made previously in opposition to OAG's motion. "Reargument is not designed to afford the unsuccessful party successive opportunities to reargue issues previously decided" (*Matter of Setters v AI Props. & Devs. (USA) Corp.*, 139 AD3d 492, 492 [1st Dept 2016]; *see Foley*, 68 AD2d at 567).

Regarding 22 NYCRR 202.7, his contention that OAG's failure to submit an affirmation requires dismissal is unavailing. Although courts have denied motions as "procedurally deficient" when they are not supported by an affirmation of good faith (*Jackson v Hunter Roberts Constr. Group, L.L.C.*, 139 AD3d 429, 429 [1st Dept 2016]; *see Manipal Educ. Ams., LLC v Taufiq*, 203 AD3d 662, 665 [1st Dept 2022]), a court may exercise its discretion to decide the motion if the

**154101/2020   EVANS, PAUL vs. PUNTER, MALCOLM A.**
**Motion No. 010**

**Page 3 of 5**

3 of 5

record demonstrates that, given the circumstances, "any further attempt to resolve the dispute non-judicially would have been futile" (*Loeb v Assara N.Y. I L.P.*, 118 AD3d 457, 458 [1st Dept 2014] [internal quotation marks and citations omitted]; *accord Suarez v Shapiro Family Realty Assoc., LLC*, 149 AD3d 526, 527 [1st Dept 2017]).

Here, based on OAG's initial opposition to plaintiff's motion to serve a subpoena upon it, its representations to the Court during a conference on such motion, and the positions it articulated at oral argument of that motion, OAG's intention to move to quash the subpoena was clear and it was readily apparent that any additional attempts to resolve the subpoena issue would have been futile. Thus, the Court exercised its discretion to decide the motion instead of dismiss it for technical defects (*see Northern Leasing Sys., Inc. v Estate of Turner*, 82 AD3d 490, 490 [1st Dept 2011] [holding plaintiff's failure to include affirmation was not fatal to cross-motion because additional attempts to resolve the dispute would have been futile]).

To the extent that plaintiff argues the Court overlooked his 22 NYCRR 202.7 contention because it was not specifically addressed in the November 2023 order, "[i]t is a mistake for [a party] to assume that any particular portion of his [or her] argument, which has not been the subject of express reference in the opinion, has been overlooked" (*Fosdick v Town of Hempstead*, 126 NY 651, 652-653 [1891]; *see* 4 NY Jur 2d, Appellate Review § 398 ["It cannot be assumed that any particular point has been overlooked because it was not discussed in the opinion"]). Plaintiff made that contention in opposition to OAG's motion to quash and it was considered in deciding such motion. Thus, that issue has been "carefully considered and decided by [this Court]" (*Fosdick*, 126 NY at 653).

**154101/2020   EVANS, PAUL vs. PUNTER, MALCOLM A.**
**Motion No.  010**

**Page 4 of 5**

4 of 5

Therefore, as plaintiff fails to demonstrate how this Court overlooked facts or misapprehended the law, his request for leave to reargue is denied (*see William P. Pahl Equip. Corp.*, 182 AD2d at 28).

Accordingly, it is hereby:

ORDERED that plaintiff's motion for leave to reargue is denied; and it is further

ORDERED that plaintiff shall file a note of issue within 30 days of the date of entry of this order.

2024042511022CDC0HENA80795768E324BDB93149A72017CBA77

| **4/25/2024** | | | **DAVID B. COHEN, J.S.C.** | |
|---|---|---|---|---|
| **DATE** | | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**154101/2020   EVANS, PAUL vs. PUNTER, MALCOLM A.**
**Motion No.  010**

Page 5 of 5

5 of 5