Scala v Lopez (2025 NY Slip Op 50738(U))

[*1]

Scala v Lopez

2025 NY Slip Op 50738(U)

Decided on May 7, 2025

Supreme Court, Putnam County

Molé, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 7, 2025
Supreme Court, Putnam County

Claudette Scala, Plaintiff,

against
Ainsley A. Lopez and Lauren Costabile-Lopez, Defendants.

Index No. 881/2023

LAW OFFICES OF JOHN TROP
ATTN: ANDRA TELEMACQUE, ESQ.
ATTORNEYS FOR THE DEFENDANTS
120 White Plains Road — Suite 200
Tarrytown, NY 10591
Email: [email protected]
BENJAMIN R. ANKER, Esq.
Attorney for Plaintiff
37 Fair Street
Carmel, NY 10512
Email: [email protected]

Anthony R. Molé, J.

Recitation being made in accordance with CPLR 2219 (a), the following papers were read and considered in connection with the motion of Defendants AINSLEY A. LOPEZ and LAUREN COSTABILE-LOPEZ, made pursuant to CPLR 3212, for an order granting them summary judgment dismissing the complaint of Plaintiff CLAUDETTE SCALA; and (2) the purported cross-motion of Plaintiff to strike the Defendants' answer in its entirety:
Papers:
• Notice of Motion; Defense Counsel's Affirmation in Support; Defense Counsel's Affirmation of Material Facts; Exhibits A-E (filed November 8, 2024)
• Attorney Affirmation in Opposition and Plaintiff's Purported Cross-Motion to Strike the [*2]Defendants' Answer; Exhibits A-C (filed February 7, 2025)
• Plaintiff's Reply Affirmation to the Defendants' Opposition and in Further Support of Plaintiff's Purported Cross-Motion to Strike the Defendants' Answer (filed March 7, 2025)
• Plaintiff's Surreply to Defendants' Motion for Summary Judgment (filed March 7, 2025)
• Defendants' Reply Affirmation in Further Support of their Motion for Summary Judgment; Exhibits A-B (filed March 11, 2025)
• Defense Counsel's Affirmation in Opposition to Plaintiff's Purported Cross-Motion to Strike the Defendants' Answer; Exhibits A-D (filed March 11, 2025)
Upon review of the aforesaid papers,[FN1]
the Court finds, holds, and determines as follows:
I. Background
On the afternoon of April 12, 2023, at approximately 4:30 p.m., plaintiff was bitten by a dog owned by Ainsley A. Lopez and Lauren Costable-Lopez (hereinafter collectively referred to as defendants) in front of the defendants' home in the Town of Carmel.[FN2]

In June 2023, plaintiff commenced this action against defendants to recover damages for physical injuries that she allegedly sustained from the dog bite. Issue was joined on August 16, 2023, when defendants collectively interposed an answer, asserting therein, as relevant here, affirmative defenses of plaintiff's culpable conduct/contributory negligence and that the complaint fails to state a cause of action upon which relief can be granted.
Of note, the subject dog — a bulldog-terrier mixed breed dog named "Mimi" whom the defendants kept as a domestic pet — died during the pendency of this action, thus prompting some additional discovery between the parties. Plaintiff asserts that her attorney has not received certain requested records of the dog based on two separate discovery demands. According to a handwritten affidavit of defendant Costabile-Lopez, dated January 24, 2025, the dog was euthanized on April 30, 2024 by a veterinarian at South Putnam Animal Hospital due to a cancer diagnosis.[FN3]

On October 9, 2024, plaintiff filed a note of issue and certificate of readiness for trial. Relevant here, the note of issue reflects that discovery has been completed and there are no outstanding discovery requests. But as further outlined below, that reflection is inaccurate.
Following discovery, defendants now move for summary judgment to dismiss the complaint under CPLR 3212, having filed their motion on November 8, 2024. Plaintiff, in turn, filed opposition to the summary judgment motion and a purported cross-motion to strike the defendants' answer on February 7, 2025. Also, plaintiff, without seeking leave from the Court, [*3]filed surreply papers on March 7, 2025.[FN4]
Four days later, defendants filed reply papers in further support of their summary judgment motion and additionally submitted opposition papers to plaintiff's cross-motion.[FN5]

Before addressing defendants' summary judgment motion, the Court shall initially turn to plaintiff's misfiled cross-motion seeking to strike the defendants' answer in its entirety.
II. Legal Analysis and Discussion
A. Plaintiff's Purported Cross-Motion to Strike the Defendants' Answer
As a threshold matter, plaintiff did not properly file a cross-motion as required by CPLR 2215 since she failed to formally notice the application to defendants that she would be cross-moving in accordance with the CPLR for affirmative relief by requesting an order to strike the defendants' answer (see CPLR 2214 [b]; 2215). Plaintiff would have been required to pay a $45 filing fee if she had properly filed her cross motion with the court (see CPLR 8020 [a]; Doe v State of New York, 11 AD3d 579, 579 [2d Dept 2004]; cf. Rodriguez v 2526 Valentine LLC, 133 AD3d 528, 528 [1st Dept 2015]).
"The express language of CPLR 2215 is clear that cross-motions are solely for seeking relief against the initial moving party" (Pizzo v Lustig, 216 AD3d 38, 43 [2d Dept 2023]). Plaintiff's mishap, however, is not entirely fatal to determining the merits of her application.
"CPLR 2001 vests the courts at any stage of an action with discretion to correct a party's mistake, omission, defect, or irregularity upon such terms as may be just, or as applicable here, to disregard the mistake if a substantial right of a party is not prejudiced" (Pizzo v Lustig, 216 AD3d at 43-44). Here, the parties fully briefed plaintiff's misfiled cross-motion to strike the defendants' answer. The defendants responded to plaintiff's application to strike the answer by filing opposition papers contesting the relief sought. Given these circumstances, the undersigned excuses plaintiff's mistake since the defendants have not suffered any prejudice as a result and because the "cross-motion" procedure that was improperly used by plaintiff caused no prejudice to warrant its denial on procedural grounds (see CPLR 2001). Defendants have had a fair opportunity to be heard on the merits. Accordingly, the Court exercises its discretion in considering the merits of plaintiff's cross-motion to strike the answer (see id.; Pizzo v Lustig, 216 AD3d at 44; Traub v Basketball City NY LLC, 235 AD3d 513, 514 [1st Dept 2025]; cf. Sheehan v Marshall, 9 AD3d 403, 404 [2d Dept 2004]).
We begin with the fundamental purpose of disclosure in civil actions. It is axiomatic that discovery is necessary with respect to relevant and material issues to narrow the scope of a trial (see CPLR 3101). Relevant here, "plaintiff needs to present a triable issue of fact to withstand summary judgment, but need only show that the matter is relevant to obtain discovery" (Rodriguez Pastor v DeGaetano, 128 AD3d 218, 228 [1st Dept 2015]).
Discovery in civil actions is generally governed by CPLR 3101 (a). That statute directs that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or [*4]defense of an action, regardless of the burden of proof." "The words 'material and necessary' are to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Ashley M. v Marcinkowski, 207 AD3d 1093, 1094 [4th Dept 2022] [internal quotation marks and citations omitted]).
Turning first to the merits of plaintiff's cross-motion, pursuant to CPLR 3126, "[a] court may strike an answer as a sanction if a defendant "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed" (Hoi Wah Lai v Mack, 89 AD3d 990, 991 [2d Dept 2011], quoting CPLR 3126). "However, the drastic remedy of striking an answer is inappropriate absent a clear showing that the defendant's failure to comply with discovery demands was willful or contumacious " (Hoi Wah Lai v Mack, 89 AD3d at 991; accord Mazza v Seneca, 72 AD3d 754, 754 [2d Dept 2010]; see CPLR 3126 [3]).
The nature and degree of the penalty, if any, to be imposed on a motion to strike a pleading is a matter committed to the sound discretion of the trial court. The "preferred policy is for actions to be resolved on the merits" (Mesiti v Weiss, 178 AD3d 1332, 1334 [3d Dept 2019]). "Accordingly, although a court may strike a pleading as a penalty for noncompliance with disclosure demands or orders, this type of drastic remedy is reserved for situations where a party's failure to comply is willful, contumacious, or in bad faith" (id. [internal quotation marks and citations omitted]).
"Willful and contumacious behavior can be inferred by a failure to comply with court orders, in the absence of adequate excuses. A party that permits discovery to trickle in with a cavalier attitude should not escape adverse consequence" (Henderson-Jones v City of New York, 87 AD3d 498, 504 [1st Dept 2011] [internal quotation marks, brackets, and citations omitted]). "Belated but substantial compliance with a discovery order undermines the position that the delay was a product of willful or contumacious conduct" (Cambry v Lincoln Gardens, 50 AD3d 1081, 1082 [2d Dept 2008]).
Applying the governing legal standards to this case, the discovery dispute between the parties is centered on the various records of the dog Mimi. In September 2024, plaintiff served a discovery demand upon defendants requesting the name of the boarding facility where the dog attended and "copies of record or notes maintained by the boarding facility or an authorization allowing plaintiff's attorney to obtain [such] records." Plaintiff believes that the boarding facility's records are material since the dog spent about a full week there prior to the date of the dog-bite incident.
Secondarily, plaintiff served an additional discovery demand on defendants in November 2024, requesting information about the dog's date of death, the reason that the dog died, and the name and location of the veterinarian's office "where the dog was put down." In this particular demand, plaintiff also requests the defendants to "provide the records . . . and/or an authorization allowing plaintiff's attorney to obtain [such] records." Plaintiff, likewise, posits that the records surrounding the dog's death are "essential" to the case and may well determine the issue of liability.
Plaintiff espouses that the defendants' combined response, dated January 27, 2025, to her demands is incomplete and unresponsive. As to the veterinary office where the dog was euthanized, plaintiff advances that the release authorization furnished by defendants in response is "useless" because it is outdated and only pertains to potential records that predate the dog bite. [*5]As to the release authorization of the boarding facility where the dog stayed for a period of time before the dog-bite incident, plaintiff advances that it is "improper, faulty, and unacceptable" because it does not contain the specific dates for which the records are being sought.
Furthermore, plaintiff adds that both release authorizations were belatedly served by email on January 27, 2025 — less than a week before the return date of defendants' summary judgment motion — and that her attorney was not provided original release authorizations by defense counsel. Plaintiff concludes by noting that several months had passed since her attorney first requested the information set forth in her discovery demands; and, to date, her specific demands of the dog's records have not been adequately responded to — let alone in a timely fashion.
Defendants counter that they have not engaged in dilatory tactics or in gamesmanship. They vehemently deny having acted willfully, contumaciously, or in bad faith with respect to the discovery responses pertaining to the dog's records. Defendants stress that they timely served the combined responses upon plaintiff's counsel within two weeks, as was directed by the undersigned at the January 17, 2025 compliance conference [FN6]
— and that plaintiff has not shown how she is prejudiced by any purported delay in receiving the discovery responses. In addition, defendants contend that plaintiff has had ample time to review all of the dog's records, including those from the boarding facility and the veterinary office. Defendants thus maintain that there was no willful default on their part; thus, striking their answer at this stage of the action would be an unreasonably harsh remedy.
Here, the Court initially finds that the dog's full and complete records, including any potentially existing records which were created post-commencement of this lawsuit and those from the boarding facility prior to the dog bite, are "material and necessary" to the prosecution of plaintiff's action (CPLR 3101 [a]). Such documentary records, at the very least, "may contain information reasonably calculated to lead to relevant evidence" (Ashley M. v Marcinkowski, 207 AD3d at 1094 [internal quotation marks and citation omitted]).
In weighing the parties' arguments with respect to plaintiff's cross-motion to strike the answer, the Court denies such relief. Plaintiff, as the movant requesting to strike the pleading, "bears the initial burden of coming forward with a sufficient showing of willfulness" on the part of the defendants (see Furniture Fantasy v Cerrone, 154 AD2d 506, 507 [2d Dept 1989]; B.Y., M.D., P.C. v Lancer Ins. Co., 26 Misc 3d 146[A], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). The Court notes that setting aside the other procedural deficiencies with her application, plaintiff's cross-motion to strike the defendants' answer is procedurally deficient insofar as it was not supported by an affirmation of good faith in contravention of 22 NYCRR 202.7 (see Jackson v Hunter Roberts Constr. Group, L.L.C., 139 AD3d 429, 429 [1st Dept 2016]; Hoi Wah Lai v Mack, 89 AD3d at 991; see also 22 NYCRR 202.7 [a] [2], [c]).[FN7]
Plaintiff also failed to identify any recent meaningful attempts to resolve the parties' discovery disputes before raising them for [*6]the first time in her cross-motion.
Moreover, plaintiff did not make a clear showing that the defendants' failure to comply with her discovery demands in supplying the updated release authorizations was willful, contumacious, or done in bad faith. Nor did plaintiff evince a pattern of repeated noncompliance giving rise to an inference of willfulness or contumacious conduct in relation to the additional release authorizations (see generally Watson v Esposito, 231 AD2d 512, 515 [2d Dept 1996], lv dismissed 89 NY2d 915 [1996]). 
At this juncture, it would be an improvident exercise of judicial discretion to strike the defendants' answer (see Jackson v Hunter Roberts Constr. Group, L.L.C., 139 AD3d at 429). A further attempt to resolve the discovery dispute should not be futile. The Court expects swift compliance by the defendants. Therefore, plaintiff's cross-motion to strike the defendants' answer is denied.
With that said, the defendants are forewarned that any conduct or failure on their part to adequately comply with plaintiff's outstanding discovery demands in full may warrant imposition of a court-ordered sanction. As to the discovery identified herein still remaining outstanding on the part of defendants, they are directed to comply with plaintiff's requests forthwith or appropriate sanctions may be imposed in the future (see CPLR 3126). Defendants are further cautioned that "[a]s drastic as the penalty of striking an answer is, it serves the important function of deterring obstreperous litigation behavior" (Henderson-Jones v City of New York, 87 AD3d at 504).[FN8]

B. Defendants' Motion for Summary Judgment to Dismiss the Complaint
The Court next turns to defendants' motion for summary judgment to dismiss the complaint. Given the outstanding discovery relative to the dog's records which plaintiff presses that her attorney has yet to receive, the Court discretionarily denies defendants' motion as premature (see Town of Brookhaven v Mascia, 38 AD3d 758, 759 [2d Dept 2007]; cf. Yanovsky v 833 Flatbush, LLC, 66 AD3d 669, 670 [2d Dept 2009]). Defendants' motion for summary judgment is denied without prejudice to renewal after the completion of discovery (see Rodriguez Pastor v DeGaetano, 128 AD3d at 228).
Plaintiff, in opposition, argues that summary judgment should be denied in this instance [*7]because defendants have deliberately failed to timely provide additional discovery that she sought based on her written demands sent to defense counsel. In this regard, plaintiff presses that she needs to review the dog's records in order to properly respond to the motion and withstand summary judgment.
Notably, plaintiff takes exception to Costabile-Lopez's self-serving affidavit made in January 2025, wherein she avers that they euthanized the dog in wake of the dog's cancer diagnosis because the dog "was not a candidate for surgical intervention or chemotherapy." Plaintiff maintains that she is entitled to review the dog's full and complete veterinarian records, including those made before Mimi was euthanized — which she asserts may contain reasons for the defendants' decision to euthanize the dog, such as the dog allegedly having a vicious temperament.
In short, plaintiff propounds that defendants may be attempting to conceal the dog's records and she is entitled to review them to appropriately defend their summary judgment motion. The Court agrees with plaintiff insofar that she must be provided the dog's records in appropriately responding to this dispositive motion, especially given the fact that the dog was euthanized about 10 months after commencement of this action (cf. Price v Sarasene, 198 AD3d 1234, 1236 [3d Dept 2021]).
"The denial of summary judgment pursuant to CPLR 3212 (f) requires a showing that the request for additional discovery is calculated to yield facts that would warrant the denial of summary judgment" (Town of Brookhaven v Mascia, 38 AD3d at 759). Without the dog's records, the present record on this case is incomplete for reaching a summary determination as to whether the dog may have vicious propensities and whether the defendants knew or should have known of the dog's vicious propensities, since some discovery still remains outstanding (see Ortiz v Jack Corp., 286 AD2d 671, 671 [2d Dept 2001]). In the absence of the dog's records, plaintiff is at a potential disadvantage without reasonable discovery demands that are not overly broad or unduly burdensome for the defendants to meet.
At the least, plaintiff has identified potential evidence that might have been developed if she received this additional discovery prior to responding to the summary judgment motion. Plaintiff may, for example, have raised different theories or legal arguments had she received the dog's records before opposing defendants' motion for summary judgment dismissing the complaint (see CPLR 3212 [f]). Although plaintiff did not squarely move to compel discovery, her apparent claim of incomplete disclosure in relation to the outstanding records is enough to defeat summary judgment at this juncture. That is to say that plaintiff has offered an evidentiary basis to suggest that the dog's records may lead to relevant evidence (see CPLR 3101 [a]).
"Should it appear from affidavits submitted in opposition to a motion for summary judgment that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion or may order a continuance to permit affidavits to be obtained or disclosure to be had and may make such other order as may be just" (Goldfinger v Freeland, 207 AD3d 450, 450 [2d Dept 2022] [internal brackets omitted], quoting CPLR 3212 [f]). Here, in opposition to the defendants' summary judgment motion, plaintiff submitted the affidavits of two nonparties who were familiar with the dog, namely (1) Marek Gregorowicz, a resident of Carmel who lives in the same neighborhood as the defendants, and (2) Donna Perlett, a postal mail carrier. Both Gregorowicz and Perlett each corroborate that they personally observed the dog display vicious propensities and tendencies based on their encounters with Mimi. Based on the foregoing, plaintiff has demonstrated that the missing discovery — specifically, the dog's records [*8]— may lead to facts essential to justify opposition to the motion (see id.). An award of summary judgment outright dismissing the complaint in favor of the defendants would be premature because of the outstanding discovery (see id.; McGovern v St. Cyril & Methodius R.C. Church, 52 AD3d 787, 787-788 [2d Dept 2008]). 
The central inquiry in this case is whether the dog, Mimi, previously exhibited any vicious propensities of which defendants were aware. Plaintiff is entitled to the dog's records to flesh out this issue. Defendants' summary judgment motion should be denied on that basis. Plaintiff's opposition and cross-moving papers show that defendants did not swiftly respond to plaintiff's discovery demands, and that showing remains unrebutted by defendants. Thus, the motion is premature in light of incomplete discovery (see CPLR 3212 [f]; Michael P. v Dombroski, 211 AD3d 1469, 1473 [4th Dept 2022]).
Because it appears that some critical discovery remains outstanding, the Court declines to award summary judgment to the defendants on an incomplete record. The Court thus denies the defendants' motion for summary judgment dismissing the complaint, with leave to renew, pending review of further discovery in connection with the dog's records (see Sobers v Lopresti, 283 AD2d at 633 [2d Dept 2001]; Lantigua v Mallick, 263 AD2d 467, 468 [2d Dept 1999]).
To the extent not specifically mentioned herein, the parties' remaining contentions have been evaluated and determined to be without merit. Any other relief requested that is not squarely addressed herein is either rendered academic or denied based on this decision. Accordingly, it is hereby:
Ordered that the motion (mot. seq. no. 1) of the Defendants AINSLEY A. LOPEZ and LAUREN COSTABILE-LOPEZ, made pursuant to CPLR 3212, for an order granting them summary judgment dismissing the complaint is DENIED with leave to renew; and it is further
Ordered that the misfiled cross-motion of Plaintiff CLAUDETTE SCALA to strike the Defendants' answer is denied; and it is further
Ordered that on or before May 23, 2025, the Defendants AINSLEY A. LOPEZ and LAUREN COSTABILE-LOPEZ, through their attorneys, shall provide to plaintiff's counsel the necessary release authorizations in connection with her counsel's discovery demands concerning the subject dog that are specifically responsive to plaintiff's demands; and it is further
Ordered that the attorneys shall appear before the undersigned for a Compliance Conference and further proceedings on Friday, May 30, 2025, at 10 a.m.
The foregoing decision constitutes the order of the Court.
Dated: May 7, 2025
Carmel, New York
E N T E R:
HON. ANTHONY R. MOLÉ
Acting Justice of the Supreme Court

Footnotes

Footnote 1:The Court also takes judicial notice of all filings and proceedings in this action (see generally Kazantzis v Cascade Funding RM1 Acquisitions Grantor Trust, 217 AD3d 410, 411 [1st Dept 2023]).

Footnote 2:The defendants are married and live in the same home.

Footnote 3:Both defendants executed this written affidavit that is notarized.

Footnote 4:No advance permission was sought from the Court by plaintiff to file surreply papers (see CPLR 2214 [c]; U.S. Bank Trust, N.A. v Rudick, 156 AD3d 841, 842 [2d Dept 2017]).

Footnote 5:On a prior occasion, the Court adjourned the motion briefing schedule based on the parties' stipulation. Thereafter, the Court, again, revised the motion schedule at a status conference on January 17, 2025.

Footnote 6:At that conference, the Court directed defendants to respond to plaintiff's demands and turn over any records of the dog in their possession by January 31, 2025.

Footnote 7:Plaintiff did not file a motion to compel discovery pursuant to CPLR 3124 (see Mesiti v Weiss, 178 AD3d 1332, 1334 [3d Dept 2019]; J.N.K. Mach. Corp. v TBW, LTD., 155 AD3d 1611, 1614 [4th Dept 2017]).

Footnote 8:"[O]ur court system is dependent on all parties engaged in litigation abiding by the rules of proper practice. The failure to comply with deadlines not only impairs the efficient functioning of the courts and the adjudication of claims, but it places jurists unnecessarily in the position of having to order enforcement remedies to respond to the delinquent conduct of members of the bar, often to the detriment of the litigants they represent. Chronic noncompliance with deadlines breeds disrespect for the dictates of the Civil Practice Law and Rules and a culture in which cases can linger for years without resolution. Furthermore, those lawyers who engage their best efforts to comply with practice rules are also effectively penalized because they must somehow explain to their clients why they cannot secure timely responses from recalcitrant adversaries, which leads to the erosion of their attorney-client relationships as well. For these reasons, it is important to adhere to the position we declared a decade ago that if the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity" (Gibbs v St. Barnabas Hosp., 16 NY3d 74, 81 [2010] [internal quotation marks, alteration, and citations omitted]).